(84 South. 314)

PATERSON–EDEY LUMBER CO. v. FIRM LUMBER CO. (1 Div. 322.)*

(Court of Appeals of Alabama. Nov. 11, 1919. Rehearing Denied Dec. 16, 1919.)

1. GARNISHMENT ☞149 — GARNISHEE NOT DISCHARGED ON WRITTEN ANSWER WHERE PLAINTIFF DEMANDS ORAL ANSWER.

Court did not err in overruling a motion of a garnishee, which had filed its answer in writing denying indebtedness, to be discharged upon such answer, where plaintiff had demanded an oral answer; Code 1907, § 4316, expressly giving plaintiff right to demand oral answer.

2. APPEAL AND ERROR ☞733—ASSIGNMENT THAT COURT ERRED IN ENTERING ORDER INSUFFICIENT WHERE IT CONTAINED ERRONEOUS STATEMENT.

An assignment of error, "The court erred in entering an order * * * against the defendant and the garnishee," was not sufficient to invoke a review by the court, where such "order" was a judgment against the garnishee alone and not against the "defendant and the garnishee."

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Garnishment proceedings on the part of the Firm Lumber Company against the Paterson-Edey Lumber Company, resulting in judgment for the plaintiff, from which the defendant and the garnishee appeal. Affirmed.

Armbrecht, Johnston & McMillan, of Mobile, for appellant.

Counsel discussed the assignments of error, but without citation of authority.

Clarke, Brown & Kohn, of Mobile, for appellee.

The assignment of error is joint, and must be injurious to both defendants, in order to be availed of. 112 Ala. 532, 20 South. 452.

BRICKEN, J. This was a garnishment in the circuit court of Mobile county by Firm Lumber Company, plaintiff in the court below, against Paterson-Edey Lumber Company, a corporation, garnishee in the court below, upon a judgment which plaintiff had obtained against C. H. Armbrecht. On February 15, 1918, the garnishee filed its answer in writing denying indebtedness and on March 16, 1918, the plaintiff filed a motion to require the garnishee to answer orally in court. On March 14, 1918, the garnishee filed its motion to be discharged, and on March 16, 1918, the court overruled this motion. The bill of exceptions recites that the motion was overruled after plaintiff had filed its motion to require an oral answer from the garnishee. The court made an order requiring the garnishee to answer orally.

The case was tried by the court without a jury. On July 20, 1918, the court rendered a judgment against the garnishee, as follows:

"This day came the plaintiff and garnishee by their attorneys, and this cause coming on to be heard on the oral answer of garnishee, and no trial by jury having been demanded by either plaintiff or garnishee, hearing of said oral answer of garnishee is heard by the court without the intervention of a jury, and the court after hearing the evidence renders judgment against garnishee, Paterson-Edey Lumber Company, a corporation, for $276.81.

"It is therefore ordered and adjudged by the court that the sum of $276.81 as so ascertained by the court to be in the hands of the garnishee, Paterson-Edey Lumber Company, a corporation, to be due by it to the defendant, be, and the same is hereby, condemned to the satisfaction of the judgment and costs in this cause created, for the recovery of which let execution issue."

The appeal bond filed in the cause shows that both the garnishee and defendant appealed to this court from this judgment.

The assignments of error upon the record are as follows:

"Assignment of Errors.

"(1) The court erred in entering an order on March 16, 1918, denying the motion of the garnishee, Paterson-Edey Lumber Company, to be discharged. See Record, page 4.

"(2) The court erred in entering an order on July 20, 1918, against the defendant and the garnishee for $276.81. See Record, pages 6 and 7, respectively.

"Armbrecht, Johnson & McMillan,
"Attorneys for Appellants."

[1] There was no error in the action of the lower court in overruling the motion of the garnishee to be discharged upon its answer in writing, because the record shows that the plaintiff had demanded an oral answer. The statute (Code 1907, § 4316) expressly gives the plaintiff the right to demand an oral answer of the garnishee.

[2] The second assignment of error is not sufficient to invoke a review by this court of the judgment rendered by the court against the garnishee. It will be noted that this assignment is directed against "entering an order on July 20, 1918, against the defendant and the garnishee for $276.81." The only "order" or judgment made by the court on July 20, 1918, was the judgment above set forth, and it will be noted that this was an "order" or judgment against the garnishee alone and not against the "defendant and the garnishee." It will thus be seen that no such order was made by the court as is made the basis of the, second assignment of error, and therefore the assignment of error is not sufficient to invoke a review by this court of the judgment rendered by the court below.

As to the statutory requirements of assign-

ments of error, we call attention to the case of Carney v. M. C. Kiser Co., 200 Ala. 527, 76 South. 853, recently decided by the Supreme Court.

The judgment of the circuit court is affirmed.

Affirmed.