(84 South. 725)

Ex parte ARMBRECHT et al. (1 Div. 139.)

(Supreme Court of Alabama. Jan. 15, 1920.)·

1.. CERTIORARI ⊂⇒8—UNNECESSARY TO GRANT CERTIORARI TO COURT OF APPEALS WHERE CASE WAS PROPERLY AFFIRMED.

Although it may be conceded that an assignment of error gives the date and pages of the record of the judgment complained of and should not have been disregarded by the Court of Appeals, notwithstanding one of the appellants was not set out or named in the face of the judgment, yet it would serve no useful purpose to grant writ of certiorari and send the case back to the Court of Appeals for an affirmance, where an examination of the original record shows that the appeal was properly affirmed.

2. JUDGMENT ⊂⇒244—MODE OF DESIGNATION HELD TO INDICATE CORPORATION, AND NOT A FORMER PARTNERSHIP.

A contention of variance in that judgment was against the old firm, and not against the subsequently organized corporation, because of the use of a hyphen between the parties' names instead of the word "and," is hypercritical, and not well taken, where in the affidavit, garnishment writ, appellant's motion and bond, and especially in the judgment entry, the name is followed by the words "a corporation."

Certiorari to Court of Appeals.

Petition of C. H. Armbrecht and the Paterson-Edey Lumber Company for certiorari to Court of Appeals to review and revise the judgment of said court in affirming the appeal of the Paterson-Edey Lumber Co. v. Firm Lumber Co., 84 South. 314. Writ denied.

The petition is based on the following grounds: (1) The Court of Appeals erred in not reversing said cause; (2) the Court of Appeals was in error in holding that assignment of error No. 2 was insufficient, said assignment of error being as follows:

"The court erred in answering an order on July 20, 1918, against the defendant and garnishee for $276.81. See Record, pages 6 and 7, respectively."

Armbrecht, Johnston & McMillan, of Mobile, for appellant. Counsel discuss the assignment of error, but without citation of authority.

Clarke, Brown & Kohn, of Mobile, for appellee. No brief came to the Reporter.

ANDERSON, C. J. [1] We may concede that, as assignment of error No. 2 gives the date and the pages of the record of the judgment complained of, it should not have been disregarded by the Court of Appeals, notwithstanding one of the appellants was not set out or named in the face of said judgment. It would serve no useful purpose, however, to grant the writ of certiorari and send this case back to the Court of Appeals for an affirmance of same upon the merits. We have examined the original record and are of the opinion that the appeal was properly affirmed.

[2] The appellant's point against the judgment because of a variance, in that the judgment was against the old firm, which is not indebted to the defendant, instead of the corporation subsequently organized as the Paterson & Edey Lumber Company, the successor, is quite hypercritical. It is true the judgment entry shows a hyphen between Paterson and Edey instead of the word "and" or the character "&," but throughout this record they seem to be synonymous and have been used interchangeably. See the affidavit and writ of garnishment, appellant's motion and bond, as well as the judgment entry. In each instance,· however, and especially the judgment entry, the name as given is followed by "a corporation," thus clearly indicating that the proceedings and judgment

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes.

were against this appellant corporation, and not the firm that it succeeded.

Writ denied.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.