**ALLEN v. BANNISTER.    (7 Div. 424.)**

(Supreme Court of Alabama.    Nov. 1, 1923.)

**1. Continuance ⬦26(3) — Refusal to allow showing for absent witnesses not abuse of discretion.**

Where a cause set for trial on Tuesday was called on Thursday, there was no abuse of discretion in denying defendant's motion for continuance without permitting a showing for absent witnesses.

**2. Trial ⬦144 — General affirmative charge properly refused where count sufficient to justify nominal damages.**

Where count in action for assault and battery, false imprisonment, and malicious prosecution alleged damages in no amount, but alleged sufficient to justify assessment of nominal damages, there was no error in refusing defendant's general affirmative charge.

**3. Trial ⬦192—Assuming undisputed facts as true in stating law to jury held without error.**

In action for assault and battery, false imprisonment, and malicious prosecution, where there was clear and undisputed evidence that defendant instituted prosecution the next day after plaintiff had been put in jail, that the prosecution had been investigated, ended, and plaintiff discharged, there was no error in the court when stating the law to the jury to assume those facts as proved, or to state them without hypothesis.

**4. Assault and battery ⬦38—Value of tenant's crop element of damages in action against landlord for threatening to kill tenant if he again entered premises.**

In a tenant's action against his landlord for assault and battery, false imprisonment, and malicious prosecution, where evidence tended to show that landlord threatened the tenant with a pistol and told him that if he came on the place again he would kill him, the value of the tenant's abandoned crop constituted a proper element of damages.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action by J. H. Bannister against M. M. Allen.  From a judgment for plaintiff, defendant appeals.  Transferred from Court of Appeals under Acts 1911, p. 449, § 6.  Affirmed.

Culli & Hunt, of Gadsden, for appellant.

The appellate court will reverse, where trial court has abused its discretion in refusing to grant a continuance.  McLaughlin v. Beyers, 175 Ala. 545, 57 South. 716.  It is error to refuse the affirmative charge upon a count that claims no amount as damages.  So. Ry. Co. v. Bunt, 131 Ala. 596, 32 South. 507.  The excerpt from the oral charge to which exception was taken invaded the province of the jury.  Johnson v. State, 8 Ala. App. 210, 62 South. 328.

J. M. Miller, of Gadsden, for appellee.

Malice may be inferred from the want of probable cause.  9 Michie's Ala. Dig. 748; Jordan v. A. G. S., 81 Ala. 220, 8 South. 191.  Punitive damages may be recovered in an action for assault and battery.  5 Mayf. Dig. 62; B. R., L. & P. Co. v. Baird, 130 Ala. 355, 30 South. 456, 54 L. R. A. 752, 89 Am. St. Rep. 43.

SAYRE, J.  Bannister sued Allen in three counts, all in Code form, viz. assault and battery, false imprisonment, and malicious prosecution, and recovered judgment in the sum of $1,000.

[1] Defendant moved for a continuance and then asked to be allowed to make a showing for two absent witnesses.  Exceptions were reserved to the court's adverse rulings in both instances.  Stating the reason for its refusal to wait for a showing, the court observed that the cause had been set for trial on Tuesday of the then current week, and was called for trial on Thursday; that defendant had been in attendance upon the court since Tuesday; and, in effect, that the showing should have been ready.  In these rulings we find no abuse of the court's discretion, and hence no cause for a reversal.  McLaughlin v. Beyers, 175 Ala. 545, 57 South. 716.

[2] Count 3 of the complaint alleged damages in no amount; that is, it claimed of the "defendants for maliciously, and without probable cause therefor, causing the plaintiff to be arrested under a warrant," etc.,

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

.without any allegation of what it claimed. As to this count the court refused the general affirmative charge requested by defendant. The argument for error on this assignment is that the count fails to state a cause of action. The judgment of the court is that the count alleged enough to justify the assessment of nominal damages, and, therefore, that reversible error cannot be predicated of the action of the court in refusing the charge.

[3] This litigation had its origin in a personal difficulty between plaintiff and defendant. In his oral charge the court said to the jury:

"It is without dispute in the evidence that defendant did institute a prosecution the next day after this man [plaintiff] had been put in jail. It is also without dispute in the evidence that the prosecution has been investigated, the prosecution ended, and this plaintiff discharged."

To these statements defendant duly excepted. The evidence in support of the facts stated by the court was clear, direct, and without dispute. In these circumstances it was not error for the court, in stating the law to the jury, to assume these facts as proved, or to state them without hypothesis. Montgomery v. Wyche, 169 Ala. 181, 195, 53 South. 786; Carter v. Chambers, 79 Ala. 223.

[4] Plaintiff at the time of the difficulty was a tenant upon the lands of defendant, where he had a growing crop. Plaintiff sought and was allowed to recover damages for the loss of his crop as a proximate result of the assault upon him committed by defendant. Defendant opposed this claim in various ways, and the question thus raised is the main subject of controversy on this appeal. The element of special damage was alleged in the complaint, and there was evidence tending to show that during the difficulty defendant threatened plaintiff with a pistol and told him that if he came on the place again he would kill him. Probably evidence going to show that defendant had a bad reputation in the neighborhood shed some light on the due weight to be attached to this threat. This court is of opinion that, if the threat alleged and offered in evidence was the proximate moving cause of plaintiff's abandonment of his crop and that such was the course of reasonable prudence, then the present value of the crop—of which there was evidence—constituted an element of recoverable damages.

The judgment, for aught appearing, is due to be affirmed; and it is accordingly so ordered.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.