## VINSON v. STATE. (8 Div. 583.)

Court of Appeals of Alabama. May 24, 1927.

Stell & Quillin, of Russellville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. ▓▓ Appellate and supervisory jurisdiction over the court from the judgment of which this appeal was taken is expressly conferred upon this court by statute. Local Acts 1923, p. 272, § 24. We have carefully read and considered the entire record in this case, and hold that under all this evidence the conviction of this appellant was wrongful, and cannot be permitted to stand, because of the failure of the state to meet the required burden of proof. The evidence in this case was insufficient to overcome the presumption of innocence with which, under the law, the defendant was clothed; such presumption is evidentiary in its nature, and attended the accused throughout the trial, or until his guilt was shown by the evidence beyond all reasonable doubt and to a moral certainty. If it can be said that there was any incriminating evidence against this appellant as to the accusation here involved it was of the slightest character, and purely and entirely circumstantial, and was not sufficient to afford an inference of his guilt. The law is that a conviction resting solely upon circumstantial evidence should not prevail, or be permitted to stand, unless it is shown by a full measure of proof that the defendant is guilty. Thus said the eminent and lamented Mr. Justice Stone. in the case of Ex parte Acree, 63 Ala. 234. In that case it was said:

"The humane provisions of the law are that a prisoner, charged with a felony, should not be convicted on circumstantial evidence, unless it shows by a full measure of proof that the defendant is guilty. Such proof is always insufficient, unless it excludes, to a moral certainty, every other reasonable hypothesis but that of the guilt of the accused. No matter how strong the circumstances, if they can be reconciled with the theory that some other person may have done the act, then the defendant is not shown to be guilty by that full measure of proof which the law requires."

The above excerpt is peculiarly applicable to the instant case. We are of the opinion it would be unconscionable to permit the judgment of conviction, pronounced and en-

tered in this case, to stand. At the conclusion of the evidence the court, who tried this case without a jury, should have promptly discharged the defendant. Failing in this, we hold that the adjudication of guilt was erroneous, and we here enter an order reversing the judgment of conviction, and discharging the defendant from further proceedings in this cause.

Reversed and rendered.