## TOWNS v. MALONE. (1 Div. 492.)

Supreme Court of Alabama. March 22, 1928.

**1. Certiorari ⬅1—At common law, writ of certiorari was issued by superior to inferior court to bring up record and determine whether judgment was erroneous or without authority.**

At· common law, the writ of "certiorari" was issued by superior court to inferior court to bring up the record and determine from an inspection thereof whether the judgment of the inferior court was erroneous or without authority.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Certiorari.]

**2. Certiorari ⬅69—At common law, only judgment on certiorari was to quash or sustain proceedings.**

At common law, the only judgment on a writ of certiorari was to quash the proceedings or sustain the same.

**3. Certiorari ⬅28(1)—That defendant, in action in inferior civil court was not duly served with notice, held not to authorize common-law certiorari.**

That the defendant, in an action in the inferior civil court, was not duly served with notice of suit, *held* not to authorize issuance of common-law certiorari, where the proceedings resulting in judgment were entirely regular on their face.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Action by J. H. Towns against Louis Malone. There was judgment for plaintiff in the inferior civil court, and a writ of certiorari was issued from the circuit court to bring up the judgment for review. Plaintiff appeals from the judgment rendered on trial de novo in the circuit court. Transferred from court of appeals. Reversed and rendered.

D. P. Moore, of Mobile, for appellant.

The transcript from the inferior civil court showed proceedings regular and valid, and they should have been sustained by the circuit court. The only judgment which could be rendered by the circuit court was one quashing or sustaining the proceedings brought up. Winkler Brokerage Co. v. Courson, 160 Ala. 374, 49 So. 341; 11 C. J. 209; Greek v. Sloss, etc., Co., 207 Ala. 219, 92 So. 458.

Tisdale J. Touart, of Mobile, for appellee.

Brief did not reach the Reporter.

GARDNER, J. J. H. Towns (appellant here) recovered a judgment in the inferior civil court of Mobile county against appellee, Louis Malone. Said Malone subsequently presented a petition to one of the circuit judges of Mobile county specifically seeking the issuance of a common-law writ of certiorari for the removal of the cause to said court, which petition was granted without bond, the cause removed, and there tried de novo by the court without a jury. From the judgment there rendered, the plaintiff in said action prosecutes this appeal.

[1-3] The invalidity of the judgment appears from the petition to rest upon the averment that defendant in the original action had not been duly served with notice of the suit. For aught appearing, the proceedings (which were by attachment) were and are entirely regular upon their face, resulting in a judgment in rem, and no error apparent upon the record. The attack upon the judgment rests upon matters dehors the record. "The office of a certiorari, at common law, extends to questions of jurisdiction, and of the regularity of the proceedings. Only errors of law apparent on an inspection of the record will be corrected. * * * A judgment quashing or affirming the proceedings is the only judgment which can be rendered on review." Stanfill v. Court of Revenue, 80 Ala. 287. "At common law, the writ of certiorari was issued by the superior court, to the inferior court, to bring up the record and determine, from an inspection thereof, whether the judgment of the inferior court was erroneous or without authority. The only judgment was to quash the proceedings, or sustain the same." Max Winkler Brokerage Co. v. Courson, 160 Ala. 374, 49 So. 341. This latter authority is here very much in point and conclusive to the effect that the relief in the instant case is not by common-law certiorari. The· writ should therefore have been quashed as sought by motion of appellant in the court below.

The judgment will be reversed, and one here rendered quashing the writ of certiorari. Max Winkler Brokerage Co. v. Courson, supra.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.

---

(115 So. 863)

## Sol ADAMS v. STATE. (4 Div. 372.)

Supreme Court of Alabama. March 22, 1928.

Certiorari to Court of Appeals.

Jack L. Giddens, of Troy, for petitioner.
Charlie C. McCall, Atty. Gen., for the State.

BOULDIN, J. Petition of Sol Adams for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in Adams v. State, 115 So. 862.

Writ denied.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.