(129 So. 282)

## LEDLOW v. STATE.
### 8 Div. 141.

Supreme Court of Alabama.

March 20, 1930.

Rehearing Denied June 26, 1930.

W. H. Long, of Decatur, for appellant.

Charlie C. McCall, Atty. Gen., and Wm. P. Cobb, Asst. Atty. Gen., for the State.

**THOMAS, J.**

The defendant was tried and convicted of murder in the first degree, and his punishment fixed for the term of his natural life.

The verdict of the jury in the following form, "We, the jury, find the defendant guilty of first degree murder and fix the penalty for life in the penitentiary," was a compliance with the statute, and was sufficient to support the judgment of the court rendered and entered thereon. Section 4457, Code; Durrett v. State, 133 Ala. 119, 32 So. 234; McDonald v. State, 118 Ala. 672, 23 So. 637; Robinson v. State, 54 Ala. 86; Noles v. State, 24 Ala. 672; Bankhead v. State, 124 Ala. 14, 26 So. 976; Brown v. State, 109 Ala. 70, 20 So. 103.

When the oral charge is considered as a whole, there is no reversible error presented as to the exceptions reserved. The burden of proof was properly stated when the court's attention was directed to the language first employed or alleged to have been used in defining the burden of proof, requiring proof beyond a reasonable doubt, Letson v. State, 215 Ala. 229, 231, 110 So. 21, and such was the correction made by the court.

There was no objection interposed to the question to witness A. M. Noogin before answer. And the witness had testified without objection: "I heard him make some remarks when his boy would ask for something—he seemed to be very crabbed." He was then asked: "Tell what Wm. Ledlow said, if he said anything," and was permitted to answer: "Well, this boy asked for water a time or two there, and he would tell him to lay down and shut his mouth and be quiet." The objection then interposed, after answer, for the first time came too late, and was overruled without error. Adams v. State, 22 Ala. App. 310, 115 So. 862, certiorari denied 217 Ala. 273, 115 So. 863. See, also, Acts of 1927, p. 636. The answer was responsive to the question.

The rule in regard to a trial court requiring a defendant in a criminal case to go to trial on or without a showing was recently discussed in the case of Jarvis v. State (Ala. Sup.) 126 So. 127;[1] Waters v. State, 117 Ala. 108, 111, 22 So. 490. A further discussion is unnecessary. It is sufficient to say the witnesses Jones, the Nicklesons, and Blanches were not brought in by the ordinary compulsory process of the law, were not in contempt of court, and their absence was not sufficiently accounted for by the evidence or by appropriate motion of counsel bringing to the attention of the court the relevancy and possibility of obtaining such evidence. And, so far as this record discloses, the defendant went to trial before the state was put upon a showing as to said witness, and without asking opportunity for the process of the court. Jack Jarvis v. State, supra; Allen v. Bannister, 210 Ala. 264, 97 So. 820; Knowles v. Blue, 209 Ala. 29, 95 So. 481; Sanders v. State, 181 Ala. 35, 40, 61 So. 336; McLaughlin v. Beyers, 175 Ala. 544, 57 So. 716; Rodgers v. State, 144 Ala. 32, 34, 40 So. 572. There was no abuse of discretion by the trial court—in the absence of proper motions and effort for process—in not putting the state to such admissions of said absent witnesses.

The arraignment discloses there was no plea of insanity. Section 4573, Code; Baker v. State, 209 Ala. 142, 145, 95 So. 467. And evidence in the absence of plea is improper, Savage v. State, 15 Ala. App. 168, 72 So. 694; hence the attempted showing and evidence as to insanity was properly refused.

We have carefully examined the record and evidence ruling of the trial court, and find the same free from error.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

### On Rehearing.

**THOMAS, J.**

The fact that charge A was not set out and urged in appellant's "argument" may explain why it was not considered in the opinion in the first instance. The mother of deceased testified of positive fact of the homicide that—

"William Ledlow went to the gun rack and took the gun down, unbreached it, put two shells in it, and told the child to get out in front of him, said he was going to die tonight, just to take it fair and easy."

"He said, 'You are going to die. You just as well take it fair and easy.' He said, 'Papa please don't kill me tonight.' I was standing there in the floor with him. He levelled the gun down and shot him. He shot one barrell. The boy was standing at the front door when he was shot."

The defendant's version of the unfortunate affair that resulted in the son's death was as follows:

"I asked her if she was going to get supper, and she said no, she wasn't. She grab-

---

[1] 220 Ala. 501.

bed this gun sitting there, and said, 'I am going to kill you.' And I grabbed the gun and went to grab it out of her hand, and it went off. We were tussling with the gun. The boy was out the door and was coming in the door. * * * *I did not shoot that boy like Josie Ledlow testified about him. The shot glanced by the right leg.* Me and my wife are on friendly terms. I did not tell the boy that I was going to shoot him before he was shot. I never told him nothing. He wasn't in the house at that time. He was coming in the door when the gun fired. I heard him halloo and I looked around and saw him when he fell. That stopped the scuffle."

■ The refused charge (A)—"that no matter how strong may be the facts, if they can be reconciled with the theory" (the charge should have said "reasonable" theory. See Pitman v. State, 148 Ala. 612, 617, 618, 42 So. 993, 995) "that some other person may have done the act, then the guilt of the defendant is not shown by the full measure of proof which the law requires"—was an excerpt from that approved in Gilmore v. State, 99 Ala. 154, 157, 13 So. 536, 537, opinion by Judge Head. Charge 13 in the Gilmore Case reads:

"The humane provision of the law is that upon the evidence there should not be a conviction, unless, to a moral certainty, it excludes every other reasonable hypothesis than that of the guilt of the accused. No matter how strong may be the facts, if they can be reconciled with the theory that some other person may have done the act, then the guilt of the accused is not shown by that full measure of proof the law requires."

Said charge was on the authority of Ex parte Acree, 63 Ala. 234, by Judge Stone, where it was declared:

"1. Circumstantial Evidence.—A person charged with a felony should not be convicted on circumstantial evidence alone, unless it excludes to a moral certainty every reasonable hypothesis but that of his guilt; no matter how strong the circumstances may be, they do not come up to the full measure of proof which the law requires, if they can be reconciled with the theory that another person was the guilty agent."

The charge was for a felony that was sought to be established by circumstantial evidence, as was the case in Vinson v. State, 22 Ala. App. 112, 113 So. 86.

The subject was further considered and all the cases reviewed in Pitman v. State, supra. It is said:

"In view of this conflict of opinion in our own decisions, we remark, first, that such a charge is not proper at all, except in those cases where there is evidence. pointing to one or more persons other than the defendant; second, it is not proper if the nature of the offense is such that both may have been guilty; third, if allowed at all, a 'theory' hypothesized should be a reasonable theory. Coming to the case now before the court, it will be readily seen that the charge would be improper, because it does not negative the guilt of the defendant. The nature of the offense is such that two men might commit it, at different times, so that it might be, not only probable, but true, that some other person may have committed the same offense, and yet the defendant have been guilty also." (Italics supplied.)

In Rigsby v. State, 152 Ala. 15, 44 So. 608, 610, it is declared:

"Charge 21 was argumentative, and properly refused. Bohlman v. State, 135 Ala. 45, 33 So. 44; Oakley v. State, 135 Ala. 29, 33 So. 693."

And in Ott v. State, 160 Ala. 29, 32, 33, 49 So. 810, 811, it is declared:

"* * * That circumstantial evidence of ordinary character was not sufficient. This is exactly what the law requires that a juror should do. When the evidence is circumstantial, it must be so complete, so strong, so cogent, as to show guilt to a moral certainty. It must exclude every other reasonable hypothesis than that of the guilt of the accused. No matter how strong the circumstances, if they can be reconciled with the theory that one other than the defendant committed the crime for which he is on trial, he should be acquitted. * * *

"The trial court erred in instructing the jury that there was no evidence to show that the two negroes, Josh and Will Dickinson, had anything to do with the killing of deceased. It is true that the evidence did not prove them to be guilty; but there was some evidence from which the jury might have inferred that they did have some connection with the crime."

And in Ex parte Hill, 211 Ala. 311, 312, 313, 100 So. 315, the authorities were reviewed, and it was again declared:

"* * * And 'no matter how strong the circumstances, if they can be reconciled *with the theory* that some other person may have done the act, then the defendant is not shown to be guilty, by that full measure of proof,' etc. (Italics supplied.)

"A charge couched in the general statement of law to be found in Ex parte Acree, supra [63 Ala. 234] was approved in Gilmore v. State, 99 Ala. 154, 157, 160, 13 So. 536, while a charge of like principle, or similar to that being considered, was condemned as argumentative in Shepperd v. State, 94 Ala. 102, 10 So. 663, Potter v. State, 92 Ala. 37, 9 So. 402, Dennis v. State, 112 Ala. 65, 68, 20 So. 925, and Rigsby v. State, 152 Ala. 9, 44 So. 608. * * *

"A classification of the decisions of this court according to the facts of each case

514

warrants the statement that (1) such a charge in proper form is improper except in those cases where there is evidence pointing to another person or persons than defendant as the party or parties who was or were guilty of the offense; (2) that such a charge is improper if the nature of the offense is such that both defendant and another 'may have been guilty' of the commission thereof; and (3) in a proper case—where such charge is allowable—the 'theory hypothesized should be a reasonable theory' that is supported by and referred to the evidence. Pitman v. State, 148 Ala. 612, 42 So. 993."

See, also, Brown v. State, 22 Ala. App. 648, 119 So. 512; Bohlman v. State, 135 Ala. 45, 33 So. 44.

It appears from these authorities and under this evidence there was no error in refusing the charge we denominate "A." . Moreover, the substance of said charge was covered by the given charges.

The application for rehearing is overruled.

All the Justices concur.