J. A. KIDD and SOUTHERN SURETY COMPANY, a corporation, *Plaintiffs in Error,* v. CITY OF JACKSONVILLE, a municipal corporation, for the use and benefit of HIRSCH LUMBER COMPANY, a corporation, *Defendant in Error.*

En Banc.

Opinion filed May 6, 1930.

*Giles J. Patterson,* for Appellant;

*Marks, Marks, Holt, Gray* and *Yates,* for Appellee.

WHITFIELD, P. J.,—A writ of error was taken to a judgment for the plaintiff in an action on a bond. For a previous writ of error see Kidd v. City of Jacksonville, 91 Fla. 380, 107 So. R. 677.

The defendant in error moves to strike from the transcript of the record (1) the bill of exceptions in its entirety; (2) that portion of the bill of exceptions consisting of testimony of witnesses; (3) ''that portion of the record purporting to consist of copies of documentary exhibits numbered respectively 1 to 14, both inclusive, except ex-

hibit No. 5, which last mentioned exhibit the trial court has certified to the Supreme Court in its original form.''

The exhibits referred to are copied into the transcript of the record *succeeding* the certificate of the trial judge that authenticated the bill of exceptions. The exhibit so copied into the transcript following the certificate of the trial judge authenticating the bill of exceptions, are not so referred to in the bill of exceptions or in the authenticating certificate of the trial judge as to sufficiently identify the exhibits or to make them a part of the bill of exceptions, therefore they must be stricken. F. L. I. Co. v. Williams, 83 Fla. 251, 91 So. R. 177; F. L. I. Co. v. Williams, 84 Fla. 137, 92 So. R. 876. Such exhibits have not been transmitted to the appellate court under Section 1, Chapter 9168, Acts 1923, Section 4626, Comp. Gen. Laws 1927. See also Section 2, Chapter 12019, Acts 1927, Section 4611, Comp. Gen. Laws 1927.

Before the expiration of the time allowed for presenting a proposed bill of exceptions, counsel for the plaintiff in error presented to the trial judge a transcript of the testimony of the witnesses in the cause. There is copied into the transcript, but not in the bill of exceptions (See Section 3, Chapter 12019, Acts 1927, Section 4612, Comp. Gen. Laws 1927), an order made by the trial judge on the day the proposed bill of exceptions was presented to him, allowing himself seven days within which to settle the bill of exceptions. If this order may be considered here, it is not material, since the judge had authority to settle and authenticate the bill of exceptions at his reasonable convenience after it was duly presented within the time allowed by the special order made in the cause during the term of the court. Bossom v. Gillman, 70 Fla. 310, 70 So. R. 364.

The portion of the proposed bill of exceptions that is

included in the transcript preceding the authenticating certificate of the trial judge, constitutes the authenticated bill of exceptions. The certificate of the trial judge states that the defendant did ''within the time allowed by special order of the court for presenting the same, propose this his bill of exceptions containing all of the testimony and evidence taken on such trial, with the exception of the plaintiff's Exhibit No. 5 offered in evidence at such cause, which sai doriginal exhibit has been by this court certified to the Supreme Court on account of its voluminous character, to the ruling of said judge and it requests him to sign same which, after due notice to the opposite party or its attorney, is done this the 25 day of January, A. D. 1930, as and for January 18th, 1930.''

The proposed bill of exceptions as to the testimony of witnesses was prepared from a ''stenographer's transcript'' in the form of questions and answers as *authorized* but not required by Chapter 12019, Acts 1927, Sections 4610 et seq., Comp. Gen. Laws 1927. Such statute does not abrogate Special Rules 1, 2, and 4 relative to transcripts in appellate proceedings to the Supreme Court; and the statute does not violate the Constitution by unlawfully encroaching upon the powers of the judicial department of the State government.

The motion to strike the bill of exceptions as an entirety and to strike the portion thereof that is duly authenticated by the trial judge are denied.

It is so ordered.

TERRELL, C. J., AND ELLIS, BROWN AND BUFORD, J. J., concur.

STRUM, J., disqualified.