G. R. FERLITA, *Petitioner*, vs. PAOLA FIGARROTA, PHILLIP LODATO, and JIM LODATO, partners trading under the firm name of the Florida Macaroni Company, *Respondents*.

145 So. 605.

En Banc.

Opinion filed August 24, 1932.

Petition for rehearing denied December 5, 1932.

579

*Zewadski & Pierce* and *T. B. Castaglia,* for Petitioner; *Thomas Palmer,* for Respondents.

PER CURIAM.—Petition for writ of certiorari was filed in this Court to quash the judgment of the Circuit Court for Hillsborough County, dismissing a writ of error to that court addressed to a judgment in replevin rendered by the Civil Court of Record of Hillsborough County. The writ of certiorari was granted and the case is now before us on the return to that writ which has brought up the entire record in both courts.

Judgment for defendants was rendered by the Civil Court of Record on their motion for a directed verdict in their favor, which was granted. The purpose of the writ of error to the Circuit Court was to have reversed as error, the action of the Civil Court of Record in granting the defendant's motion for a directed verdict, and in thereafter refusing a new trial. The writ of error was not considered by the Circuit Court on its merits, but was dismissed by that court as being insufficient in law to confer jurisdiction on it to review and reverse the judgment complained of. The question before us now is whether or not we shall quash the judgment of the Circuit Court to which the writ of certiorari has been directed, or quash the writ which brings it here.

We take judicial notice of the fact that the Civil Court

of Record of Hillsborough County has been abolished by statute, effective December 31, 1931. See Chapter 14663, Acts of 1931. The abolition of the Civil Court of Record by operation of law also abolished the functions of the Circuit Court of Hillsborough County as a court of appeal having jurisdiction over judgments of the abolished Civil Court of Record, except as to cases already lawfully pending on appeal in the Circuit Court and undisposed of when the abolishing act took effect. See Salario vs. Latin American Bank, 104 Fla. 256, 139 Sou. Rep. 899.

Where a writ of certiorari is improvidently allowed, it may be quashed on a motion brought for that purpose, or by the court of its own motion, in order to dispose of the case in accordance with law. In Re Lantis, 9 Mich. 324, 80 Am. Dec. 85. It has generally been considered improvident to grant the writ when it appears that substantial justice has been done, even though some irregularity of procedure has occurred. See Note 40 A. S. R. 30. Upon principle it would appear to be proper that the writ be quashed, even after it has been granted, when it likewise appears that substantial justice has been done in the rendition of a judgment appearing in the return to the writ of certiorari, even if the judgment is irregular, where the entry of a regular and proper judgment will have the same result, as affects the rights of certiorari petitioner.

In this case, even if there was fatal irregularity in the judgment of dismissal of the writ of error by the Circuit Court, as asserted by the complainant petitioner, a consideration of the case on its merits by the Circuit Court must inevitably result in a judgment of affirmance by that court of the judgment which has been rendered by the Civil Court of Record, and sought to be reviewed.

The action of the Civil Court of Record complained of was the entry of judgment for defendants in a replevin case, pursuant to a directed verdict. The bill of exceptions

shows that the Judge of the Civil Court of Record based his ruling granting the motion for a directed verdict, on the ground that the evidence failed to show right of possession in the plaintiff. This view appears to have been arrived at by him on the ground that a bill of sale from W. B. Pogge, Trustee in bankruptcy, antedated by two months the appointment of a receiver in a foreclosure case, pursuant to a master's sale in which, the plaintiff claimed.

The exhibits referred to by the court as having been placed in evidence and used as the basis for his ruling, appear copied in the transcript, but are not so referred to in the bill of exceptions or in the authenticating certificate of the trial judge appended to it, as to sufficiently identify the exhibits or to make them a part of the bill of exceptions in accordance with the permissible practice to omit copying exhibits in a bill of exceptions, provided they are so referred to and identified therein, that by reference to what the bill of exceptions shows, it can be made certain that the exhibits appearing copied in the transcript proper, are in truth and in fact the exact exhibits referred to in the bill of exceptions, as intended to be, by reference, made a part thereof. See Kidd vs. Jacksonville, 99 Fla. 1023, 128 Sou. Rep. 31.

So it appears that because of the manner of preparation of the bill of exceptions, which under the circumstances did not appear to include all of the evidence upon which the court below directed a verdict, and denied the motion for a new trial, the judgment of the Civil Court of Record must inevitably be affirmed by the Circuit Court, even if we should quash on this writ of certiorari, its judgment dismissing the writ of error, thereby reinstating the case before the Circuit Court on the merits of the appeal. See F. E. C. Ry. Co. vs. Buckles, 85 Fla. 416, 96 Sou. Rep. 397.

We deem it appropriate to say that eliminating from

consideration any question of the technical insufficiency of the bill of exceptions to present for our consideration, the omitted exhibits which appear to have such a vital bearing upon the propriety of the ruling directing a verdict, we have carefully considered the evidence, and have failed to find any basis in the record upon which it can be said that the Civil Court of Record did not proceed according to the essential requirements of law, in directing a verdict for defendants and in denying them a new trial.

It appearing, for the reasons pointed out in this opinion, that the judgment of the Civil Court of Record accords with the doing of substantial justice between the parties, and that this writ of certiorari, even if it should result in quashing the Circuit Court's judgment dismissing the writ of error, would merely result in the affirmance of the judgment if considered on its merits, and that it therefore has been improvidently granted, it is ordered that said writ of certiorari be and the same is hereby quashed.

Writ of certiorari quashed.

BUFORD, C.J., AND WHITFIELD, TERRELL, DAVIS, J.J., concur.