22866. Public Indemnity Company *et al.* v. Gormley, superintendent of banks, for use, etc.

Stephens, J. 1. A failure of the plaintiff in error to serve the defendant in error with briefs, "five days before the day set for the call of the calendar to which the case is assigned," is not ground for dismissal of the writ of error. Civil Code (1910), §§ 6339, 6356. The motion to dismiss is overruled.

2. Where the superintendent of banks, in the discharge of one of his duties under the act, has agreed that a bank which he has taken over for liquidation shall reopen and resume business, provided the bank shows cash assets to the value of $25,000, and a liquidating agent, whose duties are to assist the superintendent of banks in the liquidation of a bank taken over for liquidation under the banking act, makes to the superintendent of banks, and to the stockholders of a bank which the superintendent has taken over for liquidation, a false and fraudulent report as to the value of the assets of the bank, which consist of notes and other obligations due to the bank, estimating them at a value in excess of their real value, and the stockholders, who have made a voluntary assessment upon themselves on their stock for an amount equal to the difference between the estimated value put by the liquidating agent on the assets, suffer an alleged loss in being compelled to make good the impair-

ment in the estimated value of the assets of the bank, the liquidating agent, in making such false representations to the superintendent of banks or the stockholders, which cause damage only to the stockholders of the bank, has committed no breach of duty required of him under the law, for which the stockholders or the superintendent of banks could recover. Hill *v.* Fidelity & Deposit Co., 44 Fed. (2d) 624.

3. The petition, in a suit by the superintendent of banks against the liquidating agent and the surety on his official bond, to recover, for the use of the bank, the damages alleged to have been sustained by the stockholders of the bank, failed to set out a cause of action, and the court erred in overruling the general demurrer.

*Judgment reversed. Sutton, J., concurs. Jenkins, P. J., absent on account of illness.*

DECIDED SEPTEMBER 30, 1933.

*Jones, Evins, Powers & Jones,* for plaintiffs in error.
*C. N. Davie, J. F. Kemp, A. O. Randall,* contra.