172 So. 111

**Ex parte WILKEY.**

**6 Div. 37.**

Supreme Court of Alabama.

Jan. 14, 1937.

Horace C. Wilkinson, of Birmingham, for Commission to Investigate Unlawful Practice of Law In Circuit Court, Tenth Judicial Circuit.

Lange, Simpson & Brantley, of Birmingham, for petitioner.

376

BROWN, Justice.

This is an original application by J. L. Wilkey for the issuance of the common-law writ of certiorari to bring up for review the proceedings of the circuit court of Jefferson county resulting in Wilkey being adjudged guilty of contempt of court for failing and refusing to appear before an alleged commission appointed by the court "to investigate instances of unlawful practice of the law" by persons and corporations not duly licensed to engage in the practice of the law.

In response to an ex parte petition presented to the Presiding Judge of said court, Honorable J. F. Thompson, he entered an order appointing the persons presenting said petition as such commission. The petition does not appear to have been filed.

The pertinent parts of the court's order appointing said commission, aside from the fact that it appears therefrom that the commissioners were appointed in response to a petition filed by them, are:

"It is further ordered by the Court that said Commission shall and it is hereby clothed with the following powers, duties and responsibilities,

"1. That the Commission shall investigate all instances of alleged practice of law by unlicensed persons and organizations and participation therein, directly, or through connivance or cooperation by attorneys, clerks of court or others, *and report to the Court thereon together with its recommendation as to the disposition of the particular matter.* [Italics supplied.]

"2. That the investigation shall proceed in a summary and informal manner and that the commission be and it is hereby empowered to procure attendance of witnesses by subpoenas, swear such witnesses, and take the testimony of all persons appearing before it.

"3. That upon application of the Commission or any member thereof, the Clerk of the Circuit Court shall issue subpoenas, including subpoena duces tecum for persons and records desired at hearings of the commission, and that the Commission report to the Court for appropriate action by it, the failure of any subpoenaed person to appear or to obey *orders of the Commission hereunto authorized.*" (Italics supplied.)

On application of one of the commissioners, the clerk of the court issued to Wilkey a subpoena, commanding him "personally to be and appear before the 'Commission to Investigate Unlawful Practice of the Law of the Circuit Court of the Tenth Judicial Circuit of Alabama,' on the 18th day of September, 1936, at 10 A. M. Room 406 County Court House until discharged by due process of law, and to give evidence and the truth *to speak in behalf of said 'Commission'* in a proceeding now pending in said Court and herein fail not, under penalty of the law." (Italics supplied.)

The subpoena was served on Wilkey by the sheriff; he refused to appear in response thereto; a writ was issued for his arrest; he was brought before the court; his answer was adjudged insufficient; he was adjudged guilty of contempt, fined, and in default of the fine was sentenced to jail.

The gist of the averments of the ex parte petition, in response to which the order appointing said commission was entered, is, that there is prevalent in Jefferson county, Ala., constituting the Tenth judicial circuit, "to a substantial and steadily growing extent, the practice of law by unlicensed persons, associations, partnerships, corporations, bureaus and other organizations; * * * that the condition caused and created thereby *is subversive to the due and proper administration of justice by the courts and constitutes an unwarranted obstruction thereto.*" (Italics supplied.)

The contention of Wilkey is that the court acted in a summary manner, or in a new course different from the common law; that the proceedings are not authorized by statute or by rule of the court previously promulgated and adopted under the court's rule-making power.

The said commission, on the other hand, contends:

(1) That "a constitutional court of general jurisdiction has ample, inherent power and authority, and it is its duty to protect the public from the unlawful and unauthorized practice of the law. It may punish one engaged in the unauthorized practice of law for contempt of court."

(2) That "a Circuit Court in Alabama has a right to appoint a commission to investigate and report on the unauthorized practice of law in the court's jurisdiction."

■ We deem it proper to note here, that there is an absence of averment in the ex parte petition, and there is nothing in the record—the return to the writ of certiorari—showing or tending to show that said Wilkey or any other alleged unlicensed person, association, partnership, corporation, bureau, or organization has appeared before the court and assumed to represent clients therein, or has, as an attorney at law, brought any suits or proceedings therein, or has connived with the officers of the court in congesting the dockets of said court with suits in which such unlicensed persons assume to represent parties to suits, or otherwise obstructed the court in the disposition of the business of the court, tampered with, altered, or mutilated its records, or in any way interfered with the judges or the subordinate officers of the court in the discharge of their official duties. The italicized quoted averments of the petition are but conclusions of the pleader, and are not justified by the facts stated.

■ It is familiar law that courts created by the Constitution are impartial tribunals created for the administration of justice in the trial of causes between natural and artificial persons and associations authorized by law to invoke the court's jurisdiction and power by " 'a course of legal proceedings according to those rules and principles which have been established in our systems of jurisprudence for the protection and enforcement of private rights' "—that is, according to the course of the common law. State v. Bush, 12 Ala.App. 309, 68 So. 492, 493; Moore & McGee v. Burns & Company, 60 Ala. 269; James Reid & Co. v. McLeod, 20 Ala. 576; Const. 1901, §§ 6, 13; 6 R.C.L. p. 434, § 431.

■ Until the court's jurisdiction and power is so invoked, its jurisdiction and power lies dormant. And if the court proceeds in a matter in which its jurisdiction has not been quickened into exercise, "in a summary manner, or in a new course different from the common law," the proceedings are coram non judice, and the common-law certiorari is the appropriate remedy to review and quash such proceedings. Ex parte Tarlton, 2 Ala. 35; Board of Revenue of Covington County v. Merrill, 193 Ala. 521, 68 So. 971.

To sustain the authority of the circuit court to appoint said commission and empower it to investigate *"and report to the Court thereon together with its recommendation as to the disposition of the particular matter,"* the following cases are cited: Merchants' Stock & Grain Co. et al. v. Board of Trade of City of Chicago et al. (C.C.A.) 201 F. 20, 29; Morton v. Berry, 39 Ohio L. R. 273; In re Sparrow (Mo. Sup.) 90 S.W.(2d) 401; In re Noell, (Mo. App.) 96 S.W.(2d) 213; In re Garner, 179 Cal. 409, 177 P. 162; People ex rel. Karlin v. Culkin, Sheriff, 248 N.Y. 465, 162 N.E. 487, 60 A.L.R. 851; 7 R.C.L. p. 1023, § 50. (Italics supplied.)

These cases do not sustain the course of procedure followed in the case at bar.

The case first cited was a proceeding against the defendants and their agents for criminal contempt committed in the violation of an injunction issued in a pending cause between the parties named. There was no question of jurisdiction in that case, and the court proceeded according to established rules of procedure in taking the testimony before an examiner appointed by the court.

In the cases of In re Sparrow and In re Noell, disbarment proceedings, the proceedings were instituted and conducted in accordance with rule 36, adopted by the Supreme Court of Missouri in aid of its established inherent power "to punish attorneys by suspension or disbarment, as well as for contempt."

In Re Garner, supra, Garner was adjudged guilty of contempt for unlawfully interfering with the process of the court, and the opinion of the court states that "The sole question presented is as to the validity and binding force of this provision of the statute, it being the claim of

respondent that the Legislature has no power to enact a law, however reasonable, limiting the power of a constitutional court in imposing punishment for contempt." 179 Cal. 409, 177 P. 162, 163.

In People ex rel. Karlin v. Culkin, Sheriff, supra, the inquisition was held by a justice of the Supreme Court at an appointed term, by order of the Appellate Division, and as stated on review by the Court of Appeals, "The precise question to be determined is whether there is power in the Appellate Division to direct a general inquiry into the conduct of its own officers, the members of the bar, and in the course of that inquiry to compel one of those officers to testify as to his acts in his professional relations." 248 N.Y. 465, 162 N.E. 487, 489, 60 A.L.R. 851.

The Ohio Law Reports are reports of decisions of nisi prius courts, and are not found in our library. They are not regarded as authority except in the local jurisdiction.

The substance of the text of 7 R.C.L. p. 1023, § 50, cited, is that "It is well established that courts have the inherent power to prescribe such rules of practice and rules to regulate their proceedings and facilitate the administration of justice as they may deem necessary."

There is nothing in the proceedings to indicate that the circuit court exercised the power to adopt a rule or rules to meet the situation, presented by the petition, if it did have the power, and there is no contention here that any such rules of court exist.

Our judgment is that the circuit court, in the absence of an effective rule of court or statute thereunto authorizing, was without power to appoint said petitioners as commissioners to inquire into the conduct of laymen in respect to the ethics of their businesses or their misconduct in respect to impinging the rights of the legal profession.

The proceedings and judgment of the circuit court are therefore quashed and held .for naught, and the petitioner is discharged.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.