44 So.2d 614

### CITY OF BIRMINGHAM v. REED.
### 6 Div. 978.

Supreme Court of Alabama.
Nov. 10, 1949.

Rehearing Denied March 9, 1950.

18, 1949. We are of the opinion that the Court of Appeals has disposed of that question correctly.

■ While we do not want to be understood as expressing disagreement with the conclusion reached by the Court of Appeals as to the constitutionality of the ordinance under which Emily Reed was convicted in the Recorder's Court of the City of Birmingham, we feel constrained to point out that such question was not, in our opinion, before the Court of Appeals.

■ Supervisory power by means of common law writ of certiorari extends only to questions touching jurisdiction of subordinate tribunals and external validity of proceedings. Towns v. Malone, 217 Ala. 273, 116 So. 131; Ex parte Slaughter, 217 Ala. 515, 116 So. 684.

■ Even if it be assumed that the ordinance was unconstitutional, it would not follow that the judge of the circuit court had jurisdiction to reinstate the appeal on March 1, 1949, which was more than thirty days from January 18, 1949, the date on which the appeal was dismissed. § 588, Title 37, Code 1940.

■ The validity of the proceedings in the Recorder's court was not before the Court of Appeals by virtue of the writ issued by that court on April 12, 1949.

■ True, a conviction under a void ordinance is a nullity and one so convicted is entitled to discharge on habeas corpus. Barton v. City of Bessemer, 234 Ala. 20, 173 So. 626. But, as before indicated, the validity vel non of the said ordinance is not involved in this proceeding.

Geo. E. Trawick, of Birmingham, for petitioner.

Chas H. Brown and J. M. Breckenridge, Asst. City Attys., of Birmingham, opposed.

LAWSON, Justice.

The ultimate question for decision by the Court of Appeals was whether or not the judge of the circuit court of Jefferson County had jurisdiction on March 1, 1949, to reinstate the appeal of Emily Reed, which that court had dismissed on January

The concluding paragraph of the original opinion of the Court of Appeals is as follows: *"The writ of certiorari is hereby granted as prayed,* and the judgment and order of the Circuit Court of March 1, 1949 purporting to set aside its previous order dismissing the appeal of Emily Reed from the Recorder's Court of the City of Birmingham is hereby quashed." (Emphasis supplied.)

The italicized portion of the above quotation from the opinion of the Court of Ap-

peals is obviously incorrect. The writ of certiorari was issued on April 12, 1949. It was by virtue of the issuance of that writ that the records of the inferior tribunal were before the Court of Appeals.

However, such incorrect statement does not affect the judgment of the Court of Appeals, as that court correctly quashed the order of March 1, 1949, reinstating the appeal.

Writ denied.

BROWN, FOSTER and STAKELY, JJ., concur.