109 So.2d 671 (1959)
Ex parte Herbert L. WATKINS.
Herbert L. WATKINS
v.
CITY OF DOTHAN.
4 Div. 967.
Supreme Court of Alabama.
February 19, 1959.
*672 J. Hubert Farmer, Dothan, for appellant.
C. R. Lewis, Dothan, for appellee.
SIMPSON, Justice.
Petition for writ of certiorari to the Circuit Court of Houston County to review the judgment of that court sustaining an order of the Personnel Board of the City of Dothan wherein petitioner was dismissed from the service as a police officer of the city.
The Chief of Police of the City of Dothan suspended petitioner as a policeman and removed him from duty. Petitioner appealed from said order of suspension and removal to the Personnel Board of the City of Dothan. After a hearing, the Personnel Board upheld the Police Chief's action. Petitioner thereafter appealed from the action of the Personnel Board to the Circuit Court of Houston County. From the proceedings in the Circuit Court petitioner applied for and was granted this writ of certiorari.
The points of error relied on by petitioner to reverse the judgment of the Circuit Court are the alleged error of the Circuit Court in rendering judgment in the case without first setting the cause down for hearing or trial and giving petitioner opportunity to be heard by counsel.
The proceedings are governed by Section 33 of Local Act No. 273, Local Acts of Alabama, 1947, page 196, at page 214, which reads:
"Court Proceedings. Orders of the Personnel Board may be enforced by mandamus, injunction, quo warranto or other appropriate proceedings, in any court of competent jurisdiction. Any person or City official directly interested may, within five days, appeal to the Circuit Court of Houston County from any order of said Board by filing notice thereof with the Board, whereupon said Board shall certify to a transcript of the proceedings before it and file the same in said Court. The findings of fact by said Board, duly set forth in the transcript, if supported by substantial evidence adduced before said Board, after notice to the interested party or parties and after affording such parties *673 an opportunity to be heard, shall be conclusive on any appeal. The issues on such appeal shall be made up under the directions of the court and within thirty days after such transcript is filed in court; and the trial thereof shall proceed on the evidence contained in such transcript, if it appears that the evidence was taken after such notice and opportunity to be heard. If upon such appeal the court finds that the ruling, order or action appealed from is unlawful or unreasonable, within the meaning of this Act, it shall have power to vacate or modify the same."
The Act is silent concerning an appeal from the judgment of the Circuit Court, so certiorari is the proper procedure in such cases to review the proceedings in the Circuit Court. Ex parte Bracken, 263 Ala. 402, 82 So.2d 629; Ex parte Morris, 263 Ala. 664, 83 So.2d 717; Ex parte Darnell, 262 Ala. 71, 76 So.2d 770; Ex parte Noble, 267 Ala. 488, 102 So.2d 902.
By such review, however, we are limited to a consideration of the proper application of the law involved and whether the ruling was supported by any legal evidence. Ex parte Bracken, supra. The cases in general have held that the function of the writ of certiorari at common law extends to the question of jurisdiction of the inferior tribunal and the external validity and regularity of the proceedings, but not to its intrinsic correctness. The writ will not be employed to inquire into the correctness of the judgment rendered where the forms of the law have been followed, and where the court has jurisdiction, and was therefore competent. Ex parte Biddle, 258 Ala. 190, 61 So.2d 803; Sims v. Sims, 250 Ala. 494, 35 So.2d 89; Ex parte Tulley, 227 Ala. 277, 149 So. 700; Ex parte Slaughter, 217 Ala. 515, 116 So. 684; Towns v. Malone, 217 Ala. 273, 116 So. 131; City of Birmingham v. Reed, 253 Ala. 414, 44 So.2d 614; Byars v. Town of Boaz, 229 Ala. 22, 155 So. 383; Ex parte Kelly, 221 Ala. 339, 128 So. 443; Ex parte Big Four Coal Mining Co., 213 Ala. 305, 104 So. 764. A court's jurisdiction and power until invoked lie dormant, and if the court proceeds in a manner in which its jurisdiction has not been invoked, in a summary manner, or in a new course different from the common law, the proceedings are without jurisdiction and the common-law certiorari is the appropriate remedy to review and quash such proceedings. Ex parte Wilkey, 233 Ala. 375, 172 So. 111; Ex parte Tarlton, 2 Ala. 35. Mere irregularities or errors correctable by appeal cannot be considered. Ex parte Tulley, supra; Nashville, C. & St. L. Ry. Co. v. Town of Boaz, 226 Ala. 441, 147 So. 195. The appropriate office of the writ is to correct errors of law apparent on the face of the record. Towns v. Malone, supra; Ex parte Big Four Coal Mining Co., supra.
Although the record in this case does not affirmatively show that no hearing was had before the Circuit Court on appeal from the Board, the record fails to reveal that such a hearing was in fact held, and in view of the fact that respondent apparently concedes the lack of such a hearing, we will so treat the case and proceed upon the assumption that no hearing was had.
The provisions of Section 33 of the Local Act relative to appeal from the order of the Personnel Board to the Circuit Court and the procedure to be followed in prosecuting said appeal are somewhat vague and ambiguous. That section in applicable part provides:
"The issues on such appeal shall be made up under the directions of the court and within thirty days after such transcript is filed in court; and the trial thereof shall proceed on the evidence contained in such transcript, if it appears that the evidence was taken after such notice and opportunity to be heard." *674 A reasonable construction of this sentence would seem to require some sort of hearing on the appeal in the circuit court. Since it appears that the circuit court in the instant case did not offer to petitioner an opportunity to be heard on such issues as the court might make up, pursuant to the quoted section, and try the case in accordance therewith on the evidence contained in the transcript sent up on appeal, it could be pronounced that error prevailed which went to the form and regularity of the proceedings. Being such an error of law of which this Court may take notice on writ of certiorari, it was within the power of this Court to grant the writ, which we did.
The writ, however, is not one of right, but its issuance rests within the sound discretion of the court, and it will not be used by superior courts to revise inferior courts, unless necessary to do substantial justice. The discretion will be exercised as the justice of the particular case may suggest or require, and agreeable to the law pertaining thereto. Byars v. Town of Boaz, supra; Ex parte Kelly, supra; Wright v. Court of County Commissioners, 180 Ala. 534, 61 So. 918; Flournoy v. Payne, 28 Ark. 87; 14 C.J.S. Certiorari § 10, p. 137.
And a writ improvidently granted, where, for instance, discretion in granting the writ has been improperly exercised, may be quashed or the lower judgment affirmed. Ferlita v. Figarrota, 106 Fla. 578, 145 So. 605; Carter v. Atlanta Life Insurance Co., 180 Ga. 419, 179 S.E. 80, dismissing certiorari 47 Ga.App. 838, 171 S.E. 729; Gormley v. Public Indemnity Co., 180 Ga. 140, 178 S.E. 154, dismissing certiorari Public Indemnity Co. v. Gormley, 47 Ga.App. 684, 171 S.E. 151; Flournoy v. Payne, supra; 14 C.J.S. Certiorari § 135b, p. 264. And see Byars v. Town of Boaz, supra. The court, in the exercise of its discretion, may also dismiss the writ on its own motion without any application for dismissal being made by either party. Ferlita v. Figarrota, supra; Fidelity & Casualty Co. of New York v. Plumbing Department Store, 117 Fla. 119, 157 So. 506; People ex rel. Macauley v. Burdette, 285 Ill. 48, 120 N.E. 519, reversing 207 Ill.App. 265; Flournoy v. Payne, supra; 14 C.J.S. Certiorari § 136, p. 269.
Likewise the rule is that the writ will not be used where its operation would be vain and useless, or where the action of the inferior tribunal sought to be reviewed is correct. Putman v. Williams, 227 Ala. 428, 150 So. 702; Ex parte Armbrecht, 203 Ala. 585, 84 So. 725, denying certiorari Paterson-Edey Lumber Co. v. Firm Lumber Co., 17 Ala.App. 262, 84 So. 314; 14 C.J.S. Certiorari § 12, p. 140.
"It has generally been considered improvident to grant the writ when it appears that substantial justice has been done, even though some irregularity of procedure has occurred." Ferlita v. Figarrota, supra [106 Fla. 578, 145 So. 606]. From the foregoing it appears that if it is now concluded that further consideration of the case on its merits by the circuit court must inevitably result in a judgment of affirmance by that court of the order of the Personnel Board, it results that the writ should be quashed. The return to the writ of certiorari has been made. See Byars v. Town of Boaz, supra. We have carefully reviewed the record and we cannot say that the action of the Personnel Boardaffirmed by the circuit courtwas not supported by substantial legal evidence. Ex parte Bracken, supra; Ex parte Morris, supra; Ex parte Noble, supra. The determination of the weight and credibility of the evidence brought forth on the hearing before the Personnel Board and the privilege to draw inferences therefrom was for that administrative body in such an adjudicatory proceeding. Ex parte Morris, supra.
Section 33 of the applicable Local Act provides that the findings of fact by the Personnel Board, duly set forth in the *675 transcript, if supported by substantial evidence adduced before the Board, shall be conclusive on any appeal. Having concluded from a perusal of the record sent here on return of the writ that the findings of fact by the Personnel Board in the instant case are supported by substantial evidence adduced at the hearing and that the order appealed from was neither unlawful nor unreasonable, it would be vain and useless to send this case back to the Circuit Court for hearing, as the findings of fact in the record are conclusive and it appears that the order of the Board must inevitably be affirmed.
Writ quashed.
STAKELY, GOODWYN, MERRILL, and COLEMAN, JJ., concur.