DuBoise Construction Company, a Florida corporation, *Plaintiff in Error,* v. City of South Miami, a municipal corporation, *Defendant in Error.*

146 So. 833.

En Banc.

Opinion filed February 23, 1933.

Re-hearing denied April 3, 1933.

*Charles A. Morehead,* for Plaintiff in Error;

*John C. Sullivan* and *J. J. Lindsey,* for Defendant in Error.

D<span>AVIS</span>, C. J.—This was an action by a contractor against the City of South Miami on its contract for public improvements. Motion for a directed verdict was denied and the issues were submitted to a jury for trial. The jury found a verdict in favor of plaintiff for five thousand dollars damages. Upon motion for a new trial, the Court set the verdict aside on the theory that the ruling of this Court in Robert G. Lassiter Co. v. Taylor, 99 Fla. 819, 128 Sou. Rep. 14, was applicable to this case and prohibited a recovery by plaintiff. Upon writ of error to that order granting defendant's motion for a new trial, the case is now before us for review.

The City Charter (Section 42, Chapter 13425, Acts of 1927) of South Miami provided that all contracts exceeding one thousand dollars should be awarded by the City to the lowest bidder, pursuant to public advertisement and competitive bidding, as might be prescribed by ordinance.

The facts disclosed at the trial are: that the City of South Miami advertised for bids for the construction of two bridges. The bid of the plaintiff in error was about $100.00 higher than the bid of one George Bunnell, a competing contractor. The particular contract involved a total of approximately $11,000.00. The Council, without objection by anyone, let the contract to plaintiff in error as the lowest responsible bidder. Later when town had been

sued in this case on the contract for breach of its contract, it attempted to show by parol testimony that the rejected bid of the other contractor, George Bunnell, being as it was about $100.00 lower, was in fact the lowest responsible bid covering the work that was awarded to plaintiff.

All evidence to the foregoing effect was received under the general issues involved in other pleas, no special plea of *altra vires* having been filed. The jury found on the facts against the City officials' version of the transaction, the substance of which was to the effect that the City had violated the statute by awarding the contract to DuBoise Construction Company, when it had not been affirmatively decided that it was the responsible bidder.

No record or other evidence was submitted which is in anywise conclusive on the proposition that the jury decided wrong when it decided for plaintiff, evidently on the theory that the City's own records were indicative of the fact that the City's real reason for abandoning its contract was entirely because it, had decided after letting a contract, that it did not want to go ahead with the improvement.

A careful review of the pleadings and evidence shows that the contract under attack by the defendant City of South Miami was actually let by the city officials and accepted by the contractor, in substantial compliance with the law, pursuant to a real competitive bidding for the work; that no unfair dealing or disadvantage to the public was intended, or actually resulted, from the acceptance by the City of the bid of DuBoise Construction Company, although it was for a slightly higher total sum than that of another bidder who has never been affirmatively shown to have been a lower *responsible* bidder than was the plaintiff who got the contract; that plaintiff in good faith undertook to carry out its contract which required it to do the work on a quick time schedule under penalty; and that

after purchasing materials and otherwise going to consid-erable trouble and expense, that the City, without any lawful excuse for so doing, breached its contract to plaintiff's damage.

The City's contention that the contract was illegally let, and therefore void and unenforceable, cannot be sustained on the basis of anything that appeared in the proofs in this case.

In Wester v. Belote, 103 Fla. 976, 138 Sou. Rep. 721, we held as follows on the subject of validity of public contracts required by law to be let out pursuant to competitive bidding:

"The object and purpose of competitive bidding statutes is to protect the public against collusive contracts; to secure fair competition upon equal terms to all bidders; to remove, not only collusion, but temptation for collusion and oppor-tunity for gain at public expense; to close all avenues to favoritism and fraud in its various forms; to secure the best values at the lowest possible expense; and to afford an equal advantage to all desiring to do business with the public authorities, by providing an opportunity for an exact com-parison of bids.

"Laws requiring contracts to be let by public authorities to the lowest reponsible bidder serve the object of protecting the public against collusive contracts and prevent favoritism toward contractors by public officials; because they tend to remove temptation on the part of public officers to seek private gain at the taxpayers' expense, they are of highly remedial character, and should always receive a construction which effectuates their true intent and avoids the likelihood of their being circumvented, evaded, or defeated.

"A contract made by public officers in violation of a com-petitive bidding statute is absolutely void, and no rights can be acquired thereunder by the contracting party; pay-

ments under such a contract may be enjoined at the suit of a citizen and taxpayer of the affected county; and, even after the contract has already been executed, and payments of money made by public officers, under it, a suit in equity will sometimes lie at the instance of a citizen and taxpayer to obtain an accounting and recover back payments made, for the benefit of the public treasury, when no other remedy is available.

"Where a bona fide attempt has been made by the public authorities to comply with the requirements of a competitive bidding statute, and the contract has already been awarded thereunder, in apparent good faith, and it is not shown that the contract which has actually resulted from the award is to the public disadvantage in any way, or that it was entered into unlawfully or fraudulently by the public officials letting it, the granting of an interlocutory injunction to restrain payments under such a contract after it has been awarded to the contracting party rests within the sound discretion of the chancellor and is dependent upon the equities involved."

We also held in Willis v. Hathaway, 95 Fla. 608, 117 Sou. Rep. 89, that a statutory requirement that awards be made to the lowest "responsible" bidder vested a certain degree of discretion in the public authorities to ascertain and determine whether the lowest bidder in fact was also the lowest "responsible" bidder. It was also distinctly recognized in that case that the word "responsible" as used in statutes on this subject applies not to pecuniary ability, *but also to judgment and skill.*

·The present case presents no showing that the city officials did, or intended to do, anything but award the contract sued on, to DuBoise Construction Company as the lowest "responsible" bidder under the statute, although the total of its whole bid was about $100.00 higher than

the lowest bid *in amount*. There was apparently no contention raised at the time of the award, that the DuBoise Construction Company was not the lowest "responsible" bidder and entitled to the contract—not even by Bunnell, the contractor, who the City now undertakes to say should have received the award.

The present case is not all within the scope of the contractual inhibition pointed out in Robert G. Lassiter Co. v. Taylor, *supra,* upon which case the court below relied in holding that a new trial should be granted in this case after all the facts had been fully and fairly submitted to a jury which had returned its verdict in plaintiff's favor.

The constitutional right to a trial by jury entitles the parties to a lawsuit to have verdicts rendered in their favor given effect by judgments entered thereon, unless some clear, lawful reason is made to appear why a particular verdict should be set aside and a new trial had. The enforcement of this rule is primarily committed to the sound judicial discretion of our trial judges, whose decisions awarding new trials are seldom reversed by this Court. Dean v. Kame, 106 Fla. 814, 143 Sou. Rep. 656; Scott v. National City Bank, 107 Fla. 818, 139 Sou. Rep. 370; Woods v. Atlantic Coast Line R. R. Co., 100 Fla. 909, 130 Sou. Rep. 601; Carney v. Stringfellow, 73 Fla. 700, 74 Sou. Rep. 866.

But at the same time this Court has not hesitated in reversing an order granting a new trial, where it plainly appeared, as it does in this case, that the verdict returned was the result of a fair trial had as to all the facts, and that no harmful errors of procedure have influenced its rendition. Charlotte County v. Chadwick, 102 Fla. 163, 135 Sou. Rep. 502; Seaboard Air Line Ry. Co. v. Wester, 94 Fla. 259, 114 Sou. Rep. 242; Bishop v. Taylor, 41 Fla. 77.

Upon the authority of the cases last cited, the order herein, granting to defendant a new trial, is reversed and the cause remanded with directions to enter final judgment for the plaintiff below on the verdict, unless a motion in arrest of judgment or for judgment *non obstante veredicto* shall be made and prevail. See Section 4615 C. G. L., 2905 R. G. S.

Reversed and remanded.

WHITFIELD, TERRELL and BUFORD, J. J., concur.