LAFAYETTE FIRE INSURANCE CO. v. LENORA DAVIS CAM-NITZ, *et al.*

149 So. 653.
Opinion Filed July 27, 1933.
Rehearing Denied September 15, 1933.

*Cockrell & Cockrell,* for Petitioner;

*Evans Evans* and *W. O. Murrell,* for Respondents.

WHITFIELD, P. J.—In an action brought in the Civil Court of Record for Duval County on a fire insurance policy, verdict was rendered for the plaintiff,—for damages, $2,500.00; interest, $133.28; attorney fees, $400.00. A new trial was granted and the plaintiff took writ of error to the circuit court. That court made an order that the "judgment of the lower court in granting a new trial to the defendant

is reversed and the cause is remanded with instructions to enter a judgment for the plaintiff upon the verdict, less the amount of $133.28 which has been remitted."

On a writ of certiorari issued by this Court it is contended first that the circuit court had no jurisdiction to review on writ of error the order of the Civil Court of Record granting a new trial.

The statutes provide:

"Upon the entry of an order granting a new trial at law, the party aggrieved by such order may, without waiting for a final judgment in the cause, prosecute a writ of error to the proper appellate court, which shall review the said order, and if the cause be reversed, shall direct final judgment to be entered in the court below, for the party who had obtained the verdict in the court below, unless a motion in arrest of judgment, or for judgment *non obstante verdicto,* shall be made and prevail." Sec. 4615 (2905) C. G. L.

"All proceedings to procure review by an appellate court of the proceedings of a lower court in cases at law shall be by writ of error, except in cases where certiorari or prohibition shall lie, or where it shall be otherwise expressly provided." Sec. 4605 (2900) C. G. L.

"The Circuit Courts shall have appellate jurisdiction in all cases decided by the Civil Courts of Record, in the same manner and with the same limitations as now or hereafter prescribed as to appellate jurisdiction of cases in the County Court." Sec. 11, Chap. 8521, Acts 1921.

"Any judgment of a county court, county judge's court or justice of the peace court of this State may be reviewed by the proper appellate court having jurisdiction of the appeal." Sec. 4645 C. G. L.

"All the provisions of the Revised General Statutes of Florida, and laws amendatory thereof or supplementary

thereto, which can be applied to the Civil Courts of Record, or to any proceeding therein, or to any officer thereof, shall be applicable thereon in all cases except where they are inconsistent with the provisions of this Act." Sec. 10, Chap. 8521, Acts 1921.

Section 2905, Rev. Gen. Stats., Section 4615, Comp. Gen. Laws, authorizes "a writ of error to the proper appellate court" to review "an order granting a new trial at law." Civil courts of record are courts of law and may grant new trials in cases tried in such courts. Proceedings to procure review in cases at law are by writ of error, except in cases where certiorari or prohibition shall lie, or where it shall be otherwise expressly provided. Section 4605 (2900) C. G. L. Under Section 10 and 11, Chapter 8521, applicable to the Duval County Civil Court of Record, the circuit courts have appellate jurisdiction in all cases decided by the civil courts of record in the same manner and with the same limitations as to appellate jurisdiction of cases in the county court; and all the provisions of the Revised General Statutes and laws amendatory thereof and supplementary thereto which can be applied to the civil courts of record, *or* to any proceedings therein, shall be applicable in all cases except where they are inconsistent with the provisions of said chapter.

Section 2905 of the Revised General Statutes, Section 4615, Compiled General Laws, above quoted, provides for a writ of error from the proper appellate court to an order granting a new trial at law; and under Section 10, Chapter 8521, Acts of 1921, such provision "can be applied to the civil courts of record" for an appellate review of orders granting new trials; and the provisions of Chapter 8521 under which the Civil Court of Record of Duval County functions, are not inconsistent with the above quoted Sec-

tion 2905 of the Revised General Statutes. Such statutory provisions are legally sufficient to give to the circuit court appellate jurisdiction by writ of error to review the order of the civil court of record granting a new trial at law, even if Section 11, Chapter 11357, Acts of Extra Session 1925, Section 5166, Compiled General Laws, is not amendatory of or supplementary to the provisions of the Revised General Statutes within the meaning of Section 10, Chapter 8521, Section 11, Chapter 11457, Section 5166, Compiled General Laws provides that "the circuit courts shall have appellate jurisdiction in all cases decided by such civil courts of record in the same manner and with the same limitations as in writs of error from the circuit to the Supreme Court." Such latter quoted statute is not inconsistent with the provisions of Chapter 8521, Acts of 1921.

The court charged the jury:

"* * * that in construing a fire insurance policy, by a total loss, is meant that the building has lost its identity and specific character as a building, and becomes so far disintegrated, it cannot be possibly designated as a building, although some part of it may remain standing. It matters not that some debris remains which may be useful or valuable for some purposes. A policy of insurance upon a building is an insurance upon the building as such, and not upon the material of which it is composed. The Court further charges you that if the identity and specific character of the insured building was destroyed by fire, although there was not an absolute extinction of all the parts thereof, it would still be a total loss within the policy of insurance herein."

Such charge was excepted to by being made a ground of the motion for new trial. It is in substantial accord with the prevailing rule on the subject. See 26 C. J. 349.

Upon conflicting testimony, a view and charges that were not unfair to the defendant, the jury in effect found that there was a total loss of the building insured and such finding not being without substantial basis in law and fact, will not be disturbed on certiorari. The amount allowed for attorney fees appears to be excessive on the record. The question of interest was eliminated in the circuit court.

The judgment as rendered does not comply with the requirements of Section 4615 (2905) Compiled General Laws. It is not necessary to discuss other grounds of the motion for new trial.

The judgment rendered by the circuit court on writ of error to an order of the Civil Court of Record granting a new trial, does not accord with the essential requirements of the law as stated herein, therefore such judgment is on this writ of certiorari hereby quashed and the cause is remanded to the circuit court for a proper judgment.

It is so ordered.

## On Petition for Rehearing

Per Curiam.—A new trial was granted by the Civil Court of Record for Duval County, and the opinion here on *certiorari* erroneously states that "the plaintiff took writ of error to the Circuit Court." The plaintiff in fact took an "appeal" to the Circuit Court from the order granting a new trial.

Section 11, Chapter 8521, Acts of 1921, which is applicable to the Civil Court of Record for Duval County, gives to the Circuit Courts "appellate jurisdiction in all cases described by the Civil Courts of Record in the same manner and with the same limitations as now or hereafter prescribed as to appellate jurisdiction of cases in the county court." The appellate jurisdiction of the circuit courts over county

courts is exercised through the medium of a "written no-
tice of appeal." Chapter 7841, Acts of 1919, Section 4645,
Compiled General Laws.

But Section 10 of Chapter 8521, Acts of 1921, under
which the Circuit Court has jurisdiction of appeals from the
Civil Court of Record for Duval County, provides that
"all the provisions of the Revised General Statutes of
Florida, and laws amendatory thereof or supplementary
thereto, which can be applied to the civil courts of record,
or to any proceeding therein, or to any officer thereof, shall
be applicable thereon in all cases except where they are in-
consistent with the provisions of this Act." The Revised
General Statutes provide, in Section 2905, as follows:

"Upon the entry of an order granting a new trial at law,
the party aggrieved by such order may, without waiting for
a final judgment in the cause, prosecute a writ of error to
the proper appellate court, which shall review the said or-
der, and if the cause be reversed, shall direct final judgment
to be entered in the court below, for the party who had ob-
tained the verdict in the court below, unless a motion in
arrest of judgment, or for judgment *non obstante verdicto,*
shall be made and prevail."

A writ of error from the circuit court to an order grant-
ing a new trial by the Civil Court of Record for Duval
County is not inconsistent with Chapter 8521, Acts of 1921,
governing the appellate jurisdiction of the circuit court over
the Civil Court of Record for Duval County and such a
writ of error "can be applied" under Section 10, Chapter
8521. But Chapter 8521 expressly authorizes the exer-
cise of the appellate jurisdiction of the circuit court "in
all cases decided" by the Civil Court of Record for Duval
County, in the same manner as from county courts, which
is by an "appeal," as was done in this case, the order

granting a new trial being a *case decided* for purposes of appellate review under applicable. provisions of the Revised General Statutes within the intendments of Sections 10 and 11, Chapter 8521, Acts of 1921. The Circuit Court had the same jurisdiction to, review the order granting a new trial on the "appeal" taken under Section 11, Chapter 8521, as it would have had on writ of error taken under Section 2905, Revised General Statutes, considered in connection with Section 10, Chapter 8521, Acts of 1921.

In other words, under Sections 10 and 11 of Chapter 8521, Acts of 1921, taken in connection with "provisions of the Revised General Statutes of Florida" that are not "inconsistent with the provisions of" Chapter 8521, an order of the Civil Court of Record for Duval County granting a new trial may be reversed by the Circuit Court on appeal or writ of error.

The Circuit Judge specifically found in his judgment ordering a reversal of the Civil Court of Record's order granting a new trial that the case in the Civil Court of Record had been tried and a verdict rendered in that court in favor of the plaintiff, under proper instructions as to law by the trial judge. The transcript before the Circuit Court sufficiently supported the Circuit Judge's conclusions as stated by him, to withstand the test of a writ of certiorari.

The rule declared in this State is to the effect that while the granting of new trials rests ordinarily within the sound discretion of the trial judges, whose deductions awarding new trials should not be lightly disturbed by an appellate court, yet it is also the rule that the appellate court should reverse an order granting a new trial, in every case where it appears from the record, and is so found by the appellate court, that the verdict which has been set aside, was the

result of a fair trial of the facts and was not influenced by harmful errors of procedure. The constitutional right to a trial by jury entitles the parties to a lawsuit to have verdicts rendered in their favor given effect by judgments entered thereon, unless some clear, lawful reason is made to appear why a particular verdict should be set aside and a new trial had. Duboise Const. Co. v. South Miami, 108 Fla. 362, 146 Sou. Rep. 833.

Rehearing refused and cause remanded for entry of a proper judgment in conformity to a statute governing reversals of orders awarding new trials.

DAVIS, C. J., WHITFIELD, BROWN and BUFORD, J. J., concur.