General Accident, Fire & Life Assurance Corp. v.
Emma J. Colyer.

151 So. 717.
En Banc.
Opinion Filed September 7, 1933.

*Lee Guest,* for Petitioner;

*S. D. McGill, Esquire,* for Petitioner.

ON PETITION FOR REHEARING OF ORDER DENYING
WRIT OF CERTIORARI.

PER CURIAM.—The circuit court reversed an order of the trial judge awarding a new trial in a civil action tried in the Civil Court of Record of Duval County, wherein the plaintiff, Emma J. Colyer, had obtained the jury's verdict in a suit upon an insurance policy. On August 2nd, 1933, this Court denied the aggrieved party a writ of certiorari, which ruling is now sought to be reconsidered on a petition for rehearing filed by the insurance company.

Our present rules of practice in certiorari cases contemplate a full briefing of the case before the application for the writ of certiorari is acted on in the first instance. This enables the Supreme Court to dispose of such applications in the light of our now well settled rule to the effect that certiorari will be denied when it is evident from an inspection of the record that the writ of certiorari, if issued, must inevitably be quashed. Ferlita v. Figarotta, 107. Fla. 489, 145 Sou. Rep. 605. Thus, unnecessary delay in having the case arrested by the action of this Court in issuing a writ of certiorari improvidently, is minimized, if not entirely avoided in clear cases calling for the application of this principle to them.

The Circuit Judge in his opinion reversing the new trial order of the Judge of the Civil Court of Record expressly cited and followed the opinion of this Court in the case of Duboise Construction Co. v. City of South Miami, 108 Fla. 362, 146 Sou. Rep. 833, wherein we held, in reversing an order of the circuit court awarding one of the parties a new trial, that an appellate court should reverse on order of the trial court granting a new trial, in any case wherein

it appeared that the verdict was plainly the result of a fair trial of the facts, and the result was not shown to have been influenced by any harmful errors of procedure. The circuit judge further held and made an express finding in his judgment that "there is ample evidence to support the verdict of the jury and the charges of the court fairly stated the law applicable to the case." In denying the writ of certiorari without writing an opinion of our own we followed the opinion of the circuit judge already a part of the record, since the pertinent findings of the law and fact applicable to this particular case were fully set forth in the circuit court's opinion.

A complete review of the case in the light of petitioner's application for a rehearing, assisted by the able briefs which petitioner has prepared and filed in printed form, has left us with the settled conviction that our former action in this case should not be disturbed, on the ground that under the circumstances shown of record, the writ of certiorari, if issued, must inevitably be quashed for the reasons stated in the opinion of the circuit court, which we adopted as our own in this case.

Rehearing denied.

Davis, C. J., and Whitfield, Brown and Buford, J. J., concur.