BULL INSULAR LINE, INC., ET AL., Petitioners, v. SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, J. CORREA SUÁREZ, JUDGE, Respondent; LAWRENCE R. CONRAD, Intervener.

Nos. 2114–2115.  Argued March 6, 1956.—Decided April 30, 1956.

---

*Charles R. Hartzell,. Rafaèl O. Fernández, P. Juvenal Rosa, José L. Novas, Daniel F. Kelly, Jr., Vicente M. Ydrach,* and *Jaime Pieras, Jr.* for petitioners.  *R. Rivera Zayas, G. Rivera Cestero,* and *Milton F. Rúa* for intervener, plaintiff in the main action.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

We issued two writs of certiorari under the above-entitled numbers in order to review actions of the Superior Court connected with the appeal and review by certiorari of a judgment rendered by the District Court.  The facts are the following: On April 9, 1953, in the District Court, San Juan Part, Lawrence R. Conrad filed an action for collection

of money under civil case No. 53–871, against Bull Insular Line, Inc. and Home Insurance Company. On May 18, the defendants filed a "Motion to Dismiss" alleging, as to Bull. Insular Line, Inc., that the facts set forth in the complaint did not constitute a cause of action, and as to the other. codefendant, Home Insurance Company, that the insurance policy which it issued to the plaintiff did not cover the damages alleged in the complaint. Said codefendant attached to the motion, as part thereof, an affidavit of the president of William Munch, Inc., its agent in Puerto Rico, to which it attached a copy of the policy.

After hearing the parties on said motion, the District Court rendered judgment on August 24, 1953, sustaining the complaint and ordering the defendant Bull Insular Line, Inc., to pay plaintiff the sum of $767 plus $50 costs and: attorney's fees.[1] Both defendants moved for reconsideration, of the judgment.[2] The court entertained the motion setting the hearing for September 25, 1953, and after the hearing it entered an order on October 16, 1953, dismissing the Motion for Reconsideration.[3]

---

[1] In the original record of the case there appears a motion of the plaintiff for the setting of the "Motion to Dismiss," and then appears the judgment of August 24, 1953. There are no minutes of the hearing held on the motion to dismiss. However, in the title page of the record there appears a note apparently signed by the former Judge Monserrate, who presided at the hearing, which reads: "Remarks: Motion to dismiss as to Bull submitted without argument, on its merits as to Home Insurance Co. on the stipulations of the contract, F.P.A. clause, pursuant to Rule 56—The court will decide. 8–13–53. (Sgd. F. Monserrate)"

[2] In paragraph 4 of the Motion for Reconsideration the defendants alleged the following:

"4—That after a mere reading of the pleading filed by said defendants, it will be clear to the Hon. Judge that the only questions submitted to the court for decision on August 13, 1953, were the preliminary questions raised in the motion to dismiss filed by the defendants. The Hon. Judge will also realize that the case was not and is not ready for trial since neither of the defendants has filed his answer, which in our opinion rendered improper the judgment entered by the court· on August 24, 1953."

[3] The text of said order is as follows:

"ORDER
"At the hearing of the motion for reconsideration sought by the

On October 23, 1953, the defendants filed in the Superior Court a petition for writ of certiorari to review the judgment of the District Court. Five days later, that is, on October 28, the writ was issued. Prior to that date, that is on October 26, the defendants had filed in the trial court a notice of appeal from the judgment. Later we shall refer to the course of this appeal.

In compliance with the writ of certiorari, the District Court sent up to the Superior Court the original records of the case. Plaintiff then intervened and prayed that the writ issued be quashed because (1) the Superior Court of Puerto Rico has no power or jurisdiction and there is no statute authorizing it to issue a writ of certiorari against actions of the District Court, and (2) certiorari does not issue where there is the right to appeal. After a hearing the trial court rendered judgment quashing the writ of certiorari which it had issued. To review that judgment we issued a writ of certiorari.

Before turning to consider the merits of the questions involved in this appeal, let us investigate the course followed by the appeal below. We have already seen that the notice of appeal was filed in the District Court on October 26, 1953. On November 3 of the same year the defendants

---

defendant, plaintiff appeared assisted by his counsel Milton F. Rúa and the other party assisted by its counsel P. Juvenal Rosa. The case was submitted by memorandum of the plaintiff dated September 25, 1953.

"As to that party, the plaintiff through its counsel submitted his motion on the ruling in the case of Vol. 72 P.R.R. 247. The defendant moved for an extension of time to submit a memorandum, which it has not yet done.

"After considering the points involved in this motion for reconsideration, the court believes that the facts and the case law favor plaintiff and it hereby dismisses the motion for reconsideration, and consequently, the judgment rendered in this case on August 24, 1953, remains in full force and effect.

"Given in chambers on this 16th day of October, 1953.

"Let it be registered and notified.

"Sgd.—F. Monserrate
Judge"

filed in that same district court a motion informing the court that within 20 days after the filing of the appeal they would file a transcript of the record in lieu of the summary of the case, in view of the fact that no evidence had been introduced. Later, they moved for an extension. On December 7, 1953, the transcript of record was filed in the District Court. It was not until February 23, 1954, that the transcript was sent up to the Superior Court with a note of the Secretary to the effect that the transcript was not certified because the original record was filed in the Superior Court. On March 23, the defendants filed a motion in the certiorari proceeding alleging that the transcript of record for the appeal had been filed in the aforesaid certiorari case and moved that "a separate and different case be opened as a new case on appeal and that the original record of the present case No. 53-4197 filed herein be transferred to the transcript of this case on appeal." On May 5, 1954, plaintiff-appellee filed in the Superior Court a motion to dismiss the appeal. The defendants objected, the court heard the parties, and on May 26, 1954, it ordered the dismissal of the appeal on the ground that the appellant had not complied with the Rules Governing Appeals from the District Court to the Superior Court. To review this order we also issued a writ of certiorari.

## THE JUDGMENT OF THE SUPERIOR COURT QUASHING THE WRIT OF CERTIORARI

■■ The petition for writ of certiorari filed by the defendants in the Superior Court to review the judgment of the District Court was based on the ground that (1) the trial court committed an error of procedure in rendering judgment when the sole questions submitted for decision were those previously raised in the Motion to Dismiss and (2) the policy expressly excluded damages of the nature of those alleged in the complaint, whereby the District Court should have rendered judgment dismissing the complaint as to the

codefendant Home Insurance Co. The plaintiff-intervener in that proceeding alleged that the Superior Court lacked authority to issue writs of certiorari to review actions of the District Court because these two courts were of equal category.

In rendering the judgment quashing the writ it had issued, the Superior Court held (a) that it had power to issue the writ of certiorari; (b) that the petitioners had not placed it in a position to decide whether the proper proceedings had been followed in the District Court since it was unable to determine whether the case had been submitted for judgment at the hearing of the Motion to Dismiss held on August 13, 1953; and (c) that the appeal taken by the petitioners was a more adequate remedy to review the judgment assailed, and that the court could not overstep the discretion recommended by the Supreme Court in issuing writs of certiorari against the lower courts.

The trial court correctly held that it had authority to issue the writ of certiorari. The Judiciary Act of 1952 did not deprive it of said authority. The Court of First Instance consists of two divisions, a division to be known as the Superior Court and another as the District Court. 4 L.P.R.A. § 61. However, the jurisdiction of each division is distinct. 4 L.P.R.A. §§ 121 and 181. The law expressly enumerates the matters of which each division shall take cognizance.[4] Pursuant to § 13 of the Judiciary Act of 1952

---

[4] The Act also provides that "no cause shall fail on the ground that it has been submitted to a division without jurisdiction or authority or to a part of the court of improper venue." This provision forecloses the possibility that an action fail because it has not been filed in the part of the court where it should have been filed, thus awarding jurisdictional problems and the resulting prejudice to the litigant. The Act also provides that every case may be heard in the division or part where it is brought by agreement of the parties and consent of the judge presiding at the time, or if not so heard, shall be transferred by order of the judge to the appropriate division or part. 4 L.P.R.A. § 62. But this does not militate against the power of the Superior Court to review by certiorari the actions of the District Court.

—4 L.P.R.A. § 121—the Superior Court shall have cognizance of the following matters:

"(a)  Civil:
"1.   .       .       .       .       .       .       .       .
"2.   .       .       .       .       .       .       .       .
"3.   .       .       .       .       .       .       .       .
"4.   Of all recourses, actions and proceedings, including the probation of wills, divorce and *extraordinary* and special legal remedies, in regard to which *the District Court of Puerto Rico heretofore exercised cognizance* up to the date on which this Act takes effect."   (Italics ours.)

The Organic Act of the Judiciary of 1950 (Act No. 432 of May 15 of that year) provided that the District Court of Puerto Rico might take cognizance of the following matters:

"(a)  In civil matters:
"(1)  .       .       .       .       .       .       .       .
"(2)  Of all other proceedings, recourses, actions and remedies over which the district courts of Puerto Rico had jurisdiction up to the date in which this Act takes effect."

Precisely, one of these recourses or remedies to which the former paragraph refers was the writ of certiorari.[5] Thus, neither the Organic Act of the Judiciary of 1950 nor the Judiciary Act of 1952 now in force, deprived the former District Court of Puerto Rico and the present Superior Court of the power vested in the former district courts to issue writs of certiorari.

On the other hand, the intervener's contention that the Superior and the District Courts are courts of equal category seems to lose weight in the light of the provisions of § 19 of the Judiciary Act—4 L.P.R.A. § 122—which establishes the right of appeal from any final judgment of the District Court to the Superior Court.

---

[5] Section 671 of the Code of Civil Procedure (1933 ed.) provides:
"Section 671.—The Supreme Court and the respective district courts of Porto Rico are hereby authorize[d] and empowered to issue writs of *certiorari*."

■■ Let us now turn to consider the merits of the judgment of the lower court. When the petitioners filed their petition of certiorari in the Superior Court, the latter could, in the exercise of its discretion, refuse to issue the writ. That court knew at the time that the judgment sought to be reviewed by certiorari was appealable and that the petitioners were still able to appeal. As a general rule the discretion advised by this Court in the case of *Stiechll* v. *Municipal Court*, 61 P.R.R. 500,[6] among others, should be exercised at the time of issuing the writ. However, the trial court decided to issue, as it did, the writ requested. In compliance with said writ the original record of the case was sent up. Moreover, the transcript of record which the defendants had prepared as a basis for their appeal was filed in the certiorari case.[7] That transcript, which consisted of copies of the documents mentioned in footnote 7, had no additional information on the question of whether or not the case was submitted to the district court for judgment at the hearing of the motion to dismiss. Thus, the trial court could not have been able to decide the question raised within the appeal any better than within the certiorari.

■ On the other hand, the District Court was charged with error in the petition of certiorari for not holding as a question of law that a given provision of the policy expressly excluded damages of the nature of those alleged in the complaint, and that, therefore, said court erred in failing to

---

[6] On several occasions we have stated that the issuance of a writ of certiorari lies solely and exclusively in the sound discretion of the court. *Pérez* v. *District Court*, 69 P.R.R. 4; *Pérez* v. *District Court*, 58 P.R.R. 454; *Heirs of Andrades* v. *Sosa*, 45 P.R.R. 710; *Robles* v. *District Court*, 44 P.R.R. 940, reversed on other grounds in *Pérez* v. *District Court, supra.*

[7] It was so reported by petitioners to the Court in their motion of March 23, 1952, to which we have previously referred in this opinion. Said transcript consists of copies of the complaint, the summons, the motion for extension, the motion to dismiss, to which the affidavit and the insurance policy were attached, a motion for setting hearing, judgment, notice of judgment, motion for reconsideration, setting of motion, order on reconsideration, notice and notice of appeal.

render judgment dismissing the complaint as to the Home Insurance Company. The trial court should have passed upon this question and it failed to do so. Under the foregoing circumstances, the court acted incorrectly in rendering judgment quashing the writ of certiorari which it had issued.[8] Consequently, the aforesaid judgment will be set aside and the case remanded for further proceedings not inconsistent with this opinion.

In view of our conclusion, it is unnecessary to go into the merits of the other certiorari proceeding, No. 2115, which involves the order of the trial court dismissing the appeal of petitioners herein. It would serve no practical purpose to hold, in case the petitioners were correct, that the order is erroneous. The trial court can review the judgment rendered by the District Court by certiorari regardless of whether the alleged errors are in matters of procedure or substantive law. *Pérez* v. *District Court*, 69 P.R.R. 4. An order will be entered in case No. 2115, quashing the writ and returning to the trial court the records sent up to this Court.

---

[8] Our decision in this case does not imply that a judge cannot quash a writ of certiorari at the hearing of the proceeding when the writ has been improperly issued either through error or inadvertence. See *White* v. *State*, 31 S. E. 2d 78, *cert. denied*, 324 U. S. 864; *General Accident, Fire & Life Assur. Corp.* v. *Colyer*, 151 So. 717; *Ferlita* v. *Figarrota*, 145 So. 605; *Price* v. *Town of Earlham*, 157 N. W. 238, and *Adamson* v. *Gaultney*, 41 S. E. 2d 657. What we decide here is that the reasons on which the trial court based its judgment did not warrant the quashing of the writ.