98 So.2d 341 (1957)
Jack PYMS, trading and doing business as Pyms Real Estate, Petitioner,
v.
William H. MERANDA, Respondent.
Supreme Court of Florida.
November 20, 1957.
*342 Malcolm Lewis Kneale, Miami, for petitioner.
Marchant & Perkins and Dan A. Hames, Miami, for respondent.
THORNAL, Justice.
By petition for certiorari Pyms seeks review of an order of the Circuit Judge which reversed an order of the Judge of the Civil Court of Record granting to Pyms a new trial in a proceeding brought by respondent Meranda to recover a deposit made for the purchase of real estate.
The point now here is whether the Circuit Judge, as an appellate court, ruled correctly in reversing the order of the Judge of the Civil Court of Record granting a new trial after a review of the entire case.
The factual situation that produced the controversy is not particularly material. Respondent Meranda had agreed to purchase a parcel of land from petitioner Pyms. Meranda made a binder deposit of $1,000 and executed the purchase agreement. The ultimate purchase was never concluded. Meranda filed suit in the Civil Court of Record to recover the deposit money. The jury rendered a verdict in favor of Meranda, the purchaser. Pyms then filed a motion for a new trial and the Judge of the Civil Court of Record granted the motion. The order granting the motion for new trial recited that the Judge was of the opinion and found that the jury "in reaching its verdict in this cause, acted through sympathy or mistake; that the verdict rendered is contrary to the manifest weight and probative force of the evidence and the justice of the cause and that the verdict is contrary to the law governing said cause, * * *."
From this order granting the new trial Meranda appealed to the Circuit Court. The Circuit Judge reversed the trial Judge and ordered that a judgment be entered on the verdict. Pyms, the seller, who was the *343 defendant in the trial court, now seeks review of the order of the Circuit Judge.
It is the contention of the petitioner Pyms that the Circuit Judge, sitting as an appellate court, deviated from the essential requirements of the law by invading the sound judicial discretion of the trial judge.
Respondent Meranda contends that the record in the trial court supports the verdict of the jury and that, therefore, the Circuit Judge, as an appellate court, properly reversed the order which had granted a new trial.
In our consideration of the scope of review available to the Circuit Judge, sitting as an appellate court, we feel that the Circuit Judge was bound by the same rules which we apply to this court in reviewing orders of trial judges granting new trials. In innumerable decisions we have consistently held that trial courts are allowed a very broad and liberal discretion in the matter of granting new trials. In Duboise Const. Co. v. City of South Miami, 108 Fla. 362, 146 So. 833, this court went so far as to state that the decision of a trial judge in granting a new trial will seldom be reversed by an appellate court. With equal consistency we have stated that inasmuch as a motion for a new trial is addressed to the sound judicial discretion of the trial judge, his decision to grant a new trial will not be disturbed unless there is a clear showing of an abuse of the discretion available to him. We think these rules particularly applicable when an appellate court is asked to review an order granting a new trial. In Kight v. American Eagle Fire Ins. Co. of New York, 131 Fla. 764, 179 So. 792, we held that a stronger showing is required to reverse an order allowing a new trial than to reverse one denying it. We have also held that when a trial judge is of the view that a verdict fails to comport with the manifest weight of the evidence it is actually his duty to grant a new trial even though he had properly denied a motion for a directed verdict. Turner v. Frey, Fla. 1955, 81 So.2d 721.
In the instant case the Judge who presided at the trial heard all of the evidence, viewed all of the witnesses and was in a prime position to give consideration to the credibility of those who testified and the relative weight to be accorded their testimony. After all of this direct contact with the actual trial of the cause, the trial judge reviewing the matter in retrospect on the motion for new trial was of the opinion that the jury acted through sympathy or mistake, that its verdict was contrary to the manifest weight and probative force of the evidence and the justice of the cause and that the verdict was contrary to applicable law.
We have examined the record of the trial and after such examination we cannot conclude that the trial judge abused the sound judicial discretion which was his to exercise under the circumstances. On the contrary it is our view that he was in a much better position than an appellate court to pass on the ultimate correctness of the jury's verdict. Under the circumstances here shown we think the Circuit Judge as an appellate court committed error by invading the discretion that was available to the trial judge. In so doing he deviated from the essential requirements of the law to the injury of the petitioner Pyms.
The petition for certiorari is granted, the order of the Circuit Judge is quashed, and the cause is remanded with directions to enter an order affirming the order of the Judge of the Civil Court of Record granting the new trial.
TERRELL, C.J., and THOMAS, HOBSON and ROBERTS, JJ., concur.