190 So.2d 23 (1966)
Esther W. GRANT, Appellant,
v.
Leon S. WILLIAMS and Elizabeth A. Williams, His Wife, Appellees.
No. 6606.
District Court of Appeal of Florida. Second District.
August 12, 1966.
Rehearing Denied October 5, 1966.
Thomas A. Clark, and Sylvia Hardaway, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for appellant.
William W. White, Jr., of McClain, Thompson, Turbiville, White & Davis, Tampa, for appellees.
ALLEN, Chief Judge.
This is an appeal from an order granting a new trial in a negligence case as to damages for the plaintiff-husband only. The plaintiffs, Leon S. Williams and Elizabeth A. Williams, are husband and wife and the husband sued solely for the loss of his wife's services, society and consortium. The wife sued for her expenses, pain and suffering and was awarded the sum of *24 $3,250. Although the jury found for both plaintiffs, it assessed the husband's loss at zero.
The able trial judge, in his order, stated:
"FURTHER CONSIDERED, ORDERED and ADJUDGED that the Motion for New Trial upon the issue of damages only be and the same is hereby granted and a new trial is hereby granted as to the plaintiff, Leon S.W. Williams, for the reason that the zero verdict returned for Mr. Williams by the jury is contrary to the manifest weight of the evidence in that the evidence offered by the plaintiff husband on the subject of loss of consortium, companionship and society of the wife was uncontradicted by any evidence otherwise adduced during the trial and the Court was surprised by the zero verdict; however, the sole issue to be submitted in the new trial should be the said plaintiff's loss of consortium, companionship and society of the wife, all other issues and elements of damages having been previously submitted and determined by the jury; and it is
"FURTHER CONSIDERED, ORDERED and ADJUDGED that the Motion for New Trial as to the plaintiff, Elizabeth A. Williams, be and the same is hereby denied for the reason that said verdict is neither so inadequate as to shock the judicial conscience or to indicate that the jury was unduly influenced in any manner, and the Court declines to set aside the determination of the jury as to the plaintiff, Elizabeth A. Williams."
In a recent case, Fejer v. Whitehall Laboratories, Inc., Fla.App. 1966, 182 So.2d 438, the Third District Court of Appeal reversed the trial court's denial of a new trial on the question of the husband's damages. Here the record clearly supported the husband's claim of damages because of the introduction of his medical bills, and the wife did not ask for such damages, thus the husband was entitled to a new trial when the jury returned a verdict for him of no dollars. However, this case is factually different from the case now before this court, as the wife was awarded damages for expenses, pain and suffering, and the husband did not request nor prove such damages.
On this court's docket for oral arguments on July 28, 1966, the date upon which the present case was argued, four of the five cases docketed involved appeals from orders granting new trials.
We have observed from opinions of various appellate courts that we are again getting in the same condition, which existed prior to this court's opinion in Cloud v. Fallis, Fla.App. 1959, 107 So.2d 264, cert. denied 110 So.2d 669 (1959), in an opinion written for the Supreme Court by Mr. Justice Thomas. Some of the opinions have used the substantial evidence rule or the broad discretion rule, while other opinions have commingled the two rules. Cloud v. Fallis, supra, distinguishes between the broad discretion rule and the substantial evidence rule and provides for use of the broad discretion rule in the granting of new trials.
We affirm the lower court in granting a new trial in this case on the authority of Cloud v. Fallis, supra, where a trial judge may grant a new trial when in his judgment the verdict of the jury is improper within the rules stated herein. Judge Stephenson, in writing this court's opinion, affirmed the order of the circuit court granting a new trial and stated (107 So.2d p. 269):
"While trying to locate the boundaries of a trial judge's discretion recognized by all the cases, the writer of this opinion must frankly confess that there appears to be, among the cases above mentioned, clear authority to affirm the trial judge in the present case and authority just as clear to reverse. The former cases seem to admit of a broader discretion of the trial judge as regards the evidence presented during trial before him than do the latter. Particularly *25 is this true of the `close case', as we have presently before us, and it is in such cases that we perceive persuasive need for a clear cut statement of that discretion. Juries, and admittedly judges, are human and therefore, sometimes are prone to err or misunderstand when faced with the relative complexities of the law, rights, duties, and other abstractions so essential to the goal sought in every court room  justice. Unfortunately, the saddest results of such errors or misunderstandings come about in cases where they may not appear upon the cold record on appeal, no matter how clear they might have been to the trial judge who saw and heard everything the jury saw and heard.
"Resolution of this problem is simplified by a concise statement outlining our duties as regards that problem, found in Pyms v. Meranda, Fla. 1957, 98 So.2d 341, 343. There the Court said:
"`In our consideration of the scope of review available to the Circuit Judge, sitting as an appellate court, we feel that the Circuit Judge was bound by the same rules which we apply to this court in reviewing orders of trial judges granting new trials. In innumerable decisions we have consistently held that trial courts are allowed a very broad and liberal discretion in the matter of granting new trials. In Duboise Const. Co. v. City of South Miami, 108 Fla. 362, 146 So. 833, this court went so far as to state that the decision of a trial judge in granting a new trial will seldom be rereversed by an appellate court. With equal consistency we have stated that inasmuch as a motion for a new trial is addressed to the sound judicial discretion of the trial judge, his decision to grant a new trial will not be disturbed unless there is a clear showing of an abuse of the discretion available to him. We think these rules particularly applicable when an appellate court is asked to review an order granting a new trial. In Kight v. American Eagle Fire Ins. Co. of New York, 131 Fla. 764, 179 So. 792, we held that a stronger showing is required to reverse an order allowing a new trial than to reverse one denying it. We have also held that when a trial judge is of the view that a verdict fails to comport with the manifest weight of the evidence it is actually his duty to grant a new trial even though he had properly denied a motion for a directed verdict. Turner v. Frey, Fla. 1955, 81 So.2d 721.'"
This court then upheld the trial judge in granting a new trial.
While affirming our decision in Cloud v. Fallis, Justice Thomas said: [110 So.2d 669, 673]
"When a motion for new trial is made it is directed to the sound, broad discretion of the trial judge, Poindexter v. Seaboard Air Line R. Co., Fla., 56 So.2d 905; Mead v. Bentley, Fla., 61 So.2d 428, who because of his contact with the trial and his observation of the behavior of those upon whose testimony the finding of fact must be based is better positioned than any other one person fully to comprehend the processes by which the ultimate decision of the triers of fact, the jurors, is reached, Pyms v. Meranda, Fla., 98 So.2d 341.
"When the judge, who must be presumed to have drawn on his talents, his knowledge and his experience to keep the search for the truth in a proper channel, concludes that the verdict is against the manifest weight of the evidence, it is his duty to grant a new trial, and he should always do that if the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record, Martin v. Stone [Fla., 51 So.2d 33], supra, Turner v. Frey, supra, Myers v. Atlantic Coast Line Railroad Co., Fla., 86 So.2d 792; Florida Publishing Co. v. Copeland, Fla., 89 So.2d 18.
"Inasmuch as such motions are granted in the exercise of a sound, broad discretion *26 the ruling should not be disturbed in the absence of a clear showing that it has been abused. Dent v. Margaret Ann Super Markets, Fla., 52 So.2d 130; Geffrey v. Langston Const. Co., Fla., 58 So.2d 698; Pyms v. Meranda, supra.
"The burden to make error clearly appear is on the appellant. Although when such an attempt is made the record must be examined by the appellate court, the assailant cannot content himself simply to submit the record and expect the order to be upset if the reviewing body finds, in cold type without benefit of any of the circumstances known to the trial judge, and never to be known to the appellate court, that there appears to be some `substantial competent evidence' supporting the verdict.
"In a late decision of this court, Pyms v. Meranda, supra [98 So.2d 341], we reiterated many of the principles so long recognized as governing decisions dealing with orders granting new trials. We referred to the `very broad and liberal discretion' of the trial courts. We said that such orders would infrequently be disturbed, citing Duboise Const. Co. v. City of South Miami, 108 Fla. 362, 146 So. 833. We announced that they would not be overturned in the absence of a `clear showing of an abuse of * * * discretion' in entering them. We took further cognizance of the old rule that a stronger showing is required to upset an order granting than an order denying a motion for new trial, and we drew attention to the actual duty of the trial judge to grant such a motion when the verdict failed `to comport with the manifest weight of the evidence,' citing Turner v. Frey, supra.
"Finally, in deciding no abuse had occurred in that case, we held that the circuit judge who was acting in an appellate capacity should not have reversed the order because the trial judge `was in a much better position * * * to pass on the ultimate correctness of the jury's verdict.'"
Finding no abuse of discretion in the record, we affirm the lower court in granting a new trial.
Affirmed.
SHANNON, J., and FUSSELL, CARROLL W., Associate Judge, concur.