189 So.2d 893 (1966)
James J. DANEK, Jr., Appellant,
v.
Dean Meck HOFFMAN, II, et al., Appellees.
No. 6133.
District Court of Appeal of Florida. Second District.
September 16, 1966.
*894 Edward F. Mrovka, St. Petersburg, for appellant.
Robert F. Nunez, St. Petersburg, for appellees.
SHANNON, Judge.
This is an appeal by the plaintiff from an order setting aside a jury verdict and granting defendant's motion for a new trial.
Plaintiff brought this action against Mid Continent Casualty Company, the appellee here, and also against Dean Hoffman, Virginia Montgomery, individually, and Dean Meck Hoffman, II, & Associates, Inc. The complaint alleged that the plaintiff had contracted with the Hoffman Agency, through its agents, Hoffman and Montgomery, for a policy of automobile insurance; that both Hoffman and Montgomery had, on some date in August, 1961, orally informed plaintiff that his insurance was bound to Mid Continent; that plaintiff was involved in an automobile accident, suffering damages and incurring liability on September 3, 1961, which damages and liability should have been covered by the automobile policy, but that Mid Continent had denied liability, stating that plaintiff had no coverage at the time of the accident. Plaintiff therefore prayed for various damages not relevant here.
A trial was had, during which these facts developed. The plaintiff had carried various insurance policies with the Hoffman agency for several years prior to 1961. He purchased a car, which was financed through a local bank, and the bank paid insurance premiums to the Hoffman agency for automobile insurance. The original carrier was Connecticut Indemnity Company, but while the policy was still in effect, Connecticut Indemnity Company issued a timely notice of intent to cancel and subsequently did cancel plaintiff's insurance prior to the expiration date of the policy. Plaintiff then contacted the Hoffman agency, seeking new coverage on his car.
The plaintiff and his father both testified that on August 21, 1961, they had been informed by Virginia Montgomery that she, a duly authorized agent for Mid Continent, had bound the plaintiff to Mid Continent and that plaintiff was insured, but actual issuance of a policy would be delayed. Montgomery denied this conversation at the trial. There was also testimony by Mid Continent's Miami underwriter that he had not received plaintiff's written application for insurance from the Hoffman agency until some time in September, well after the accident had occurred. In addition, the transcript reflects numerous other instances of conflicting testimony as to which company, if any, Hoffman himself or the Hoffman agency insured plaintiff with prior to the accident. Several letters and insurance applications were admitted into evidence, most of which contradicted each other. One letter, from Hoffman to the bank, stated that on August 24, 1961, the plaintiff's automobile had been covered by a binder written on Dubuque Insurance Company. Hoffman testified that the designation of Dubuque was an error.
After the plaintiff had rested, the trial judge directed verdicts in favor of Hoffman, Montgomery and the Hoffman agency, leaving Mid Continent as the only *895 defendant. This order is not appealed and therefore we undertake no review of it.
Following the presentation of Mid Continent's evidence, the general tenor of which was that neither Virginia Montgomery nor anyone else authorized to bind the company had done so prior to the accident, the case was submitted to the jury, which returned a verdict for the plaintiff. Upon Mid Continent's motion this verdict was set aside by the trial judge in an order stating that the jury's verdict was contrary to the manifest weight of the evidence and against the substantial justice of this cause. It is this order that the plaintiff appeals.
The plaintiff contends that the trial judge abused his discretion in ordering a new trial because, by setting aside the jury verdict, the judge was merely disagreeing with findings of fact based on competent evidence. The appellant argues that the trial judge chose to disbelieve the testimony of the plaintiff, plaintiff's father and Hoffman, and instead, believed and relied upon the testimony of Mid Continent's underwriter and Virginia Montgomery, as well as a piece of documentary evidence which contradicted statements made by the plaintiff.
Mid Continent argues for affirmance, on the basis of the trial judge's broad discretion in ruling on motions for new trial and cites the case of Cloud v. Fallis, Fla. 1959, 110 So.2d 669.
From our reading of the transcript, it is apparent that there is sufficient evidence from which the jury could have found as it did. On the other hand, the evidence supporting the jury verdict is directly contradicted by that adduced on behalf of the defendant, and the jury would have also been justified in returning a verdict for the defendant. Our task is to determine whether the broad discretion accorded a trial judge allows him to override the jury in such a situation.
In Cloud v. Fallis, supra, the Florida Supreme Court purportedly settled this issue when it held that a trial judge does not abuse his discretion in granting a new trial on the ground of a jury verdict being contrary to the weight of the evidence, even though the verdict seems to rest on some substantial competent evidence. The court went so far as to say that when a judge concludes that a verdict is against the manifest weight of the evidence it is his duty to grant a new trial and that inasmuch as such motions are granted in the exercise of a sound, broad discretion, the ruling should not be disturbed on appeal in the absence of a clear showing that the discretion has been abused.
In reviewing the exercise of this "broad discretion," an appellate court has few guidelines to follow. Since Cloud v. Fallis specifically rejects the "substantial competent evidence" rule, we cannot predicate a reversal upon finding in the record some evidence supporting the verdict. Nevertheless, the judicial discretion is reviewable, Russo v. Clark, Fla. 1962, 147 So.2d 1. But cf., Bennett v. Jacksonville Expressway Authority, Fla. 1961, 131 So.2d 740. The difficulty comes in seeking a standard by which this discretion may be tested.
There is authority for the proposition that the matter of credibility of witnesses is peculiarly for the jury, and a trial judge should not set a verdict aside merely because he chose to believe certain witnesses. Beason v. Evans, Fla.App. 1965, 173 So.2d 516; Bell v. Tarvin, Fla.App. 1964, 163 So.2d 300; and Bailey v. Sympson, Fla.App. 1963, 148 So.2d 729. This appears to us as merely part of the larger problem, which is the extent of the inroad that a trial judge's discretion will be allowed to make upon the jury's function of weighing evidence.
*896 The plaintiff-appellant in this case has cited Cobb v. Brew, Fla.App. 1963, 155 So.2d 814, in which it is stated that:
"* * * [A] new trial should be granted only when substantial rights have been so violated as to make it reasonably clear that a fair trial was not had. It is an abuse of discretion to grant a new trial when the verdict finds ample support in the record and no illegal evidence is shown to have gone to the jury and nothing can be accomplished except to have another jury review the cause * * *." Id. at 815, 816.
Our own research has turned up similar pronouncements by other courts, all subsequent to Cloud v. Fallis and the purported demise of the "substantial competent evidence" rule. For example, in Smith v. Peninsular Insurance Company, Fla.App. 1965, 181 So.2d 212, 217, we find these statements:
"While we readily recognize that a trial court has a broad discretion in granting new trials (see, for instance, Cloud v. Fallis, 110 So.2d 669 (Fla. 1959) and Ford v. Nathan, 166 So.2d 185 (Fla.App. 1964)), under the view which we take of the evidence at the trial, it was the jury's exclusive function to determine the said factual issue and there was ample evidence to support the jury verdict, so we feel that the trial court abused its discretion in granting the new trial upon the mentioned condition. * * *" (Emphasis added).
In Mansell v. Eidge, Fla.App. 1965, 179 So.2d 624, 627, the court said:
"* * * However, when the record contains evidence which will support the verdict and there is no prejudice or mistake involved which would invalidate same, an appellate court will reverse an order granting new trial. * * *"
See also, the decision of this court in Tye v. Ruark, Fla.App. 1965, 179 So.2d 612, and see generally, Note, 16 U.Fla.L.Rev. 60 (1963).
Regardless of the possible reappearance of the substantial competent evidence rule, we have found no pronouncement by the Florida Supreme Court which, expressly or otherwise, manifests an intent to recede from Cloud v. Fallis. The case relied upon by the appellant, Cobb v. Brew, supra, went to the Supreme Court on certiorari. In a four to three per curiam decision the court determined the petition to be without merit and discharged the writ. Brew v. Cobb, Fla. 1964, 162 So.2d 517, 518. We do not interpret this per curiam decision, allowing Cobb v. Brew to stand, as altering the rule of Cloud v. Fallis.
We believe that the broad discretion rule requires us to affirm the granting of a new trial here. The transcript yields totally inconsistent conclusions, depending upon which evidence is accepted as being more accurate. The trial judge said that the great weight of the evidence was contrary to the verdict found by the jury. The "broad discretion" test, as we have applied it here, is not whether we agree with the evidentiary conclusions of the lower court, or whether the defunct jury verdict finds support in the record, but whether there is sufficient evidence to support the evidentiary finding of the judge. While there is evidence in accord with the jury verdict, the evidence is not so preponderating as to render the overturning of it an abuse of discretion.
In deciding to uphold the trial judge in this case, we have expressly recognized several decisions which contain language that is erosive of the broad discretion rule. Cloud v. Fallis stands unmodified in this State, however, and since it is the decision of the highest court in this jurisdiction and since that court has not receded from that decision, we believe that the standard there expressed remains the law. In addition, as has been stated many times, the burden is on the appellant to clearly demonstrate error and a stronger showing is required to reverse an order allowing a new trial than to one denying *897 it. E.g., Pyms v. Meranda, Fla. 1957, 98 So.2d 341.
Since we have found that the appellant has failed to clearly demonstrate an abuse of the trial judge's discretion, we affirm the order appealed.
Affirmed.
ODOM, ARCHIE M., Associate Judge, concurs.
ALLEN, C.J., concurs specially.
ALLEN, Chief Judge (concurring).
We have on August 12, 1966, filed an opinion in which we affirmed the circuit judge of Pinellas County in an appeal from an order granting a new trial (Grant v. Williams, 190 So.2d 23). We pointed out in Grant that Cloud v. Fallis, Fla. App. 1959, 107 So.2d 264, cert. denied 110 So.2d 669 (1959), discussed the two lines of opinion that had grown up in the past in Florida, the broad discretion rule, which supported a trial judge in granting a new trial, and the substantial evidence rule which in effect holds that if there was substantial evidence to support the jury verdict the trial judge should not grant a new trial.
In Grant we quoted from Cloud v. Fallis, 110 So.2d 669, where Mr. Justice Thomas said in writing our Supreme Court's affirmance of Cloud, 107 So.2d 26:
"When a motion for new trial is made it is directed to the sound, broad discretion of the trial judge, Poindexter v. Seaboard Air Line R. Co., Fla., 56 So.2d 905, Mead v. Bentley, Fla., 61 So.2d 428, who because of his contact with the trial and his observation of the behavior of those upon whose testimony the finding of fact must be based is better positioned than any other one person fully to comprehend the processes by which the ultimate decision of the triers of fact, the jurors, is reached, Pyms v. Meranda, Fla., 98 So.2d 341. "When the judge, who must be presumed to have drawn on his talents, his knowledge and his experience to keep the search for the truth in a proper channel, concludes that the verdict is against the manifest weight of the evidence, it is his duty to grant a new trial, and he should always do that if the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record, Martin v. Stone, [Fla., 51 So.2d 33,] supra, Turner v. Frey, [Fla., 81 So.2d 721,] supra, Myers v. Atlantic Coast Line Railroad Co., Fla., 86 So.2d 792; Florida Publishing Co. v. Copeland, Fla., 89 So.2d 18.
"Inasmuch as such motions are granted in the exercise of a sound, broad discretion the ruling should not be disturbed in the absence of a clear showing that it has been abused. Dent v. Margaret Ann Super Markets, Fla., 52 So.2d 130; Geffrey v. Langston Const. Co., Fla., 58 So.2d 698; Pyms v. Meranda, supra.
"The burden to make error clearly appear is on the appellant. Although when such an attempt is made the record must be examined by the appellate court, the assailant cannot content himself simply to submit the record and expect the order to be upset if the reviewing body finds, in cold type without benefit of any of the circumstances known to the trial judge, and never to be known to the appellate court, that there appears to be some `substantial competent evidence' supporting the verdict.
"In a late decision of this court, Pyms v. Meranda, supra [98 So.2d 341], we reiterated many of the principles so long recognized as governing decisions dealing with orders granting new trials. We referred to the `very broad and liberal discretion' of the trial courts. We said that such orders would infrequently be disturbed, citing Duboise Const. Co. v. City of South Miami, 108 Fla. 362, *898 146 So. 833. We announced that they would not be overturned in the absence of a `clear showing of an abuse of * * * discretion' in entering them. We took further cognizance of the old rule that a stronger showing is required to upset an order granting than an order denying a motion for new trial, and we drew attention to the actual duty of the trial judge to grant such a motion when the verdict failed `to comport with the manifest weight of the evidence,' citing Turner v. Frey, supra. "Finally, in deciding no abuse had occurred in that case, we held that the circuit judge who was acting in an appellate capacity should not have reversed the order because the trial judge `was in a much better position * * * to pass on the ultimate correctness of the jury's verdict.'"
I think Judge SHANNON in his opinion correctly applied the broad discretion rule in affirming the court below.
I concur in Judge SHANNON'S opinion.