PER CURIAM.
By petition for writ of certiorari petitioners seek review of an order of the circuit court, sitting in its appellate capacity, reversing the trial court’s order granting their motion for new trial.
In July 1968 respondent-appellees, Blue Cross of Florida, Inc. and Blue Shield of Florida, Inc., issued a medical insurance policy to the petitioner-appellants, Margo and David Gravel. While in Vermont in November 1970, Margo was treated for a severe asthmatic condition by a board certified otolaryngologist specializing in allergies and medical hypnosis. Respondents *159 refused to pay for Margo’s treatment and petitioners filed suit to recover under their policy. After discovery respondents’ motion to amend their answer was denied; however, one day prior to trial the judge permitted amendment. At trial the judge denied several of petitioners’ requested instructions and the jury foreman informed the court that after deliberation the vote was equally split. The judge ordered the jury to deliberate further and eventually the jurors found for the respondents. A final judgment was entered and petitioners filed a motion for new trial. After hearing, the judge ordered a new trial based on the following:
******
“1. The Court erred in failing to grant plaintiffs’ requested jury instruction no. 8 relating to F.S.A. 624.0402 renumbered 624.603, stating:
‘Disability insurance, also known as health insurance, is insurance of human beings against bodily injury, disablement or death by accident or accidental means, or the expense thereof, or against disablement or expense relating from sickness, and every insurance appertaining thereto . . .’
“2. The Court erred in failing to grant plaintiffs’ jury instructions nos. 11, 12 and 13 as specifically requested.
“3. The Court erred in failing to discharge the jury after it was indicated to the Court the second time that the jury was unable to reach a decision.
“4. The Court erred in failing to declare a mistrial when the jury indicated for the second time that they were deadlocked.
“5. The Court erred in allowing the defendants to amend their answer at the trial and introducing new issues which varied the grounds for denial of relief under the contract.
“6. The Court erred in failing to give a jury instruction that the defendants are governed by F.S.A. 641.01 and that said corporations
. . shall have the consent or approval of the department of insurance, shall be governed by this law and subject to regulation and supervision by the department of insurance and all provisions of the laws of Folrida applicable to health, sick or accident insurance . . .’”
******
Respondents appealed the order for new trial to the circuit court which reversed the trial court. Petitioners appeal from the order of reversal and contend the circuit court departed from the essential requirements of law in that there was no abuse of discretion on the part of the trial court in granting a new trial.
It is well established that a trial court’s discretion in granting a new trial is of such firmness that it will not be disturbed except on a clear showing of abuse; a heavy burden rests upon the party who seeks to overturn such a ruling and any abuse of discretion must be patent upon the record. Castlewood International Corporation v. LaFleur, Fla. 1975, 322 So.2d 520; Ashland Oil, Inc. v. Pickard, Fla.App. 1972, 269 So.2d 714.
In this case one of the reasons the trial court granted a new trial was because the respondents were permitted to materially amend its answer one day prior to trial and, thus, plaintiffs could not come to trial prepared to refute these newly introduced issues. We find this ground sufficient to warrant a new trial. See Peninsular Life Insurance Company v. Hanratty, Fla.App.1973, 281 So.2d 609.
In addition, there was no patent abuse of discretion in granting a new trial on the other grounds stated above for the trial judge is in a far better position than an appellate court to pass on the ultimate correctness of the jury’s verdict. Pyms v. Meranda, Fla.1957, 98 So.2d 341, 343. Fur *160 thermore, a mere disagreement from an appellate perspective is insufficient as a matter of law to overturn a trial court on the need for a new trial. Castlewovd, supra.
The circuit court having departed from the essential requirements of law, its order of reversal is quashed and the cause remanded with directions to reinstate the order granting a new trial.
Certiorari granted.